OSCAR W. POLAND *vs.* HARRIET MCDOWELL.

Knox.   Opinion March 22, 1916.

*Power of Presiding Justice after Adjournment of Court.   Rule of Court*
*as to Making and Filing Exceptions.*

1.  The presiding Justice having instructed the jury, as requested, "to give due consideration to all testimony that has been deemed admissible by the court," it was not error for him to add, "that due consideration means that you are to consider it as far as it has any bearing as proving the issue in this case, and not as proving anything else."

2.  By rule of court, exceptions to any opinion, direction or omission of the presiding justice in his charge to the jury must be noted before the jury retire, or all objections thereto will be regarded as waived.  If exceptions not noted are afterwards allowed, it is a matter of grace, and not of right.

3.  When a term of court is adjourned, the power of the presiding Justice over the business of the term ceases.

4.  After the adjournment of a term of court, the presiding Justice has no power to allow a bill of exceptions, as of the term, unless the privilege of presenting them for allowance after the term, has been reserved, with the consent and waiver of the opposing party.

5.  Chapter 305 of the Laws of 1915, which prescribes certain things which may be done by the justices in vacation, does not include the allowance of exceptions to rulings made in term time.

6.  The certificate of the presiding Justice that an exception was allowed is conclusive in the law court of the regularity of the filing and allowance of the bill of exceptions.

Action of asumpsit to recover for alleged services rendered by plaintiff to defendant.  Plea, general issue.  Verdict for defendant.  Plaintiff filed exceptions to one instruction of court in his charge to the jury, and after court had adjourned, counsel for plaintiff, without consent of Justice presiding, made up bill of exceptions and asked that the same be heard.  Exception allowed must be overruled; others dismissed.

Case stated in opinion.

*Rodney I. Thompson,* for plaintiff.

*Edward C. Payson,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, HANSON, PHILBROOK, JJ.

SAVAGE, C. J. This case comes up on the plaintiff's bill of exceptions. One exception was formally allowed by the presiding Justice, though it appears to have been done after the adjournment of the term. But as to that, the certificate of the presiding Justice that the exception was allowed is conclusive in this court of the regularity of the filing and allowance of the exceptions. *Dunn* v. *Auburn Motor Co.,* 92 Maine, 165. The exception allowed is thus stated in the bill. At the conclusion of the charge plaintiff's counsel requested the following instruction. "You are to give due consideration to all testimony that has been deemed admissible by the court." This was given in the language requested, and the presiding Justice added, "I give you that requested instruction with this qualification: That due consideration means that you are to consider it as far as it has any bearing as proving the issue in this case, and not as proving anything else." We perceive no error in the qualification.

As to the other exceptions alleged, the presiding Justice certified as follows: "None of the extracts from the Judge's charge, as set forth in this bill of exceptions, were excepted to at the time of the trial, nor was the attention of the court called to any error in the charge, other than the requested instruction above referred to, until weeks after the court had adjourned finally, and then the attention of the court was called to them by receiving from the clerk of the court the bill of exceptions as filed with him on October 21, 1915. And I rule that the plainiff is not entitled to exceptions as to such matters as to which the attention of the court was not seasonably called. But if, under the circumstances, the plaintiff is entitled to exceptions, and the Law Court so decides, they are to be considered as allowed."

We think the plaintiff is not entitled of right to have the exceptions allowed. Rule of Court XVIII prescribes that "exceptions to any opinion, direction or omission of the presiding Justice in his charge to the jury must be noted before the jury retire, or all objections thereto will be regarded as waived." This rule was declared in *McKown* v. *Powers,* 86 Maine, 291, to be merely an affirmance of a long pre-existing rule of practice. It is true that this rule is

not always enforced. Exceptions not reserved before the jury retires are sometimes allowed as a matter of grace, but not as a matter of right. The excepting party is not entitled to them as of right. The presiding Justice is not required to allow them.

The plaintiff contends that this rule of practice, though applicable to exceptions taken under the general statute regulating the taking of exceptions, R. S., ch. 79, sect. 55, does not apply to exceptions under R. S., ch. 84, sect. 97, under which these exceptions are claimed. This contention is not tenable. The rule is unlimited. It makes no exceptions. And the procedure in reserving exceptions under chapter 84, section 97, is governed by the provisions of chapter 79, section 55.

There is another reason why these exceptions should not be allowed. They were not presented to the presiding Justice until after the term adjourned, and it does not appear that any privilege was reserved during term time to present them later. It happens sometimes, especially in cases tried near the end of a term, that it is difficult or even impossible to put a bill of exceptions in shape for allowance without unduly delaying the adjournment of the term. And in such cases, it is not improper for the Justice, with the consent of the parties, to grant the privilege of presenting the exceptions for allowance at a later time. This may be done by consent, not otherwise. And when a bill of exceptions is allowed, it is conclusively presumed that it is properly allowed in this respect. *Dunn* v. *Auburn Motor Co.,* supra.

When a term of court is adjourned the power of the presiding Justice over the business of the term ceases. He is no longer the "court" for that term. He cannot hold the term, or any part of it, or do any of the work of the term, in vacation. What he may do in vacation concerning pending cases at law is prescribed by chapter 305 of the laws of 1915, which does not include the allowance of exceptions to rulings made in term time. The presiding Justice is not only not required to allow exceptions after the term is adjourned, but without waiver and consent he has no power to do it.

The conclusion is that the exception allowed must be overruled, and the others dismissed.

*So ordered.*