## Marguerite Pitts, Jr., by Edward S. Pitts, Appellee, v. Patrick B. Kelly, Appellant.

### Gen. No. 29,293.

1. LANDLORD AND TENANT—*liability of landlord for injuries to tenant's child from unlighted hallway.* A lease containing no provision on which a promise to furnish light in the hallways established no express or implied contractual relation between the lessor and the lessee's infant daughter upon which an action for failure to maintain such lights, resulting in her injury, could be maintained.

2. MUNICIPAL COURTS—*pleadings in fourth-class case for breach of contract as sustaining verdict based on tort.* Where the pleadings in a case of the fourth class in the municipal court of Chicago are founded upon an alleged contractual relation, they cannot be disregarded and a verdict had based upon a tort.

Appeal by defendant from the Municipal Court of Chicago; the Hon. FRANCIS BORRELLI, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1924. Reversed and remanded. Opinion filed October 7, 1924.

CHARLES S. HAMILTON, for appellant.

C. C. TAYLOR, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

Plaintiff, a girl about three years old, while going up a stairway after dark, which led to her father's apartment on the third floor of defendant's building, fell and hurt her arm. No fracture or permanent injury resulted. Plaintiff's father, by whom she sued as next friend, was one of defendant's tenants.

The suit was begun in tort, charging negligence of defendant (and also of his wife who was later dismissed out of the suit) in not furnishing light for the stairway and passageway. On a rule to file a more specific statement plaintiff filed a new or so-called

amended statement of claim in two counts, one, as before, in tort, which was later stricken for some reason, and one for breach of contract based upon an implied promise to furnish such light, and the breach thereof, upon which issue was taken. The jury returned a verdict in tort finding defendant "guilty," and assessing plaintiff's damages "at $375 in tort."

The court ruled, and counsel for the respective parties agreed, that the suit was on an implied contract, and not one for negligence.

The lease introduced in evidence contained no provision on which a promise to furnish light could be predicated, and being between plaintiff's father and defendant it established no contractual relation between the parties to the suit. If there was any implied promise it was to the father and not to the plaintiff, his daughter. In fact it is admitted in appellee's brief that there could be no recovery in this case for a breach of contract, the theory on which the case was tried. The sole ground on which appellee seeks to support the judgment is that it being a fourth-class case of the municipal court it is immaterial what is alleged to be the cause of action but that it is what the evidence makes it.

It is certainly anomalous that appellee's counsel should agree before trial that the case was one *ex contractu* and that in accordance with that agreement the issues were formed and the evidence heard and the case tried, and then that the court should submit the case to the jury as one *ex delicto*. Such a practice would manifestly defeat the purpose of the statute in requiring in a fourth-class case a statement of claim stating the nature of the cause of action. (Section 40 of the Municipal Court Act.) [Cahill's Ill. St. ch. 37, ¶ 428.] The purpose of that provision is evidently to give the defendant such information as would enable him to know and to meet the nature of the demand or charge against him. It would con-

stitute an absurd contradiction if one were haled into court on one alleged cause of action and tried on one of an entirely different nature.

We cannot agree with counsel for plaintiff that the pleadings may be entirely disregarded and a verdict had upon an entirely different cause of action from that of which the defendant is apprised by the statement of claim. Otherwise the statute which requires a suit of the fourth class to be commenced by filing not only a præcipe for a summons but a statement of the claim consisting of its nature, whether it be upon contract or tort, "and such further information as will reasonably inform the defendant of the nature of the case he is called upon to defend," is not only meaningless but may be used to mislead the party sued. We do not think the statute can be so perverted. This is an entirely different question from that of the sufficiency of a statement of claim.

We shall not undertake to refer to and distinguish the line of cases in the Supreme Court which have dealt with pleadings in fourth-class cases. None of them is cited in the briefs. But suffice it to say that we do not find in them any warrant for the inference that the issues presented by the pleadings employed in fourth-class cases can be entirely ignored and the case heard upon an entirely different theory of the cause of action. If such were the case, rulings of court upon the relevancy and materiality of evidence might be entirely disregarded and the case drift into any phase a shrewd attorney, with the indulgence of the court, might direct. While the cases denominated as fourth-class cases, except as to amounts involved, are such as fall within the jurisdiction of the justices of the peace in the City of Chicago before the establishment of the municipal court of Chicago, yet a party defeated before a justice of the peace had recourse to a trial *de novo* in a court of record, and if the judgment there was against him it might be re-

viewed for errors. It would be strange indeed, now that a trial of such a case is had in a court of record in the first instance if a defeated litigant should not have the benefit of the ordinary procedure of such a court and the parties should not be held to the issues which the nature of their case as shown by the required pleadings present.

It is certainly anomalous that claiming damages for a breach of contract, for which plaintiff's counsel now admits there can be no recovery, he seeks to sustain the verdict on pleadings he abandoned. He now places the cause of action on negligence of the alleged duty of the landlord to keep the common stairways in the building under his control lighted from dark to dawn. If counsel wished to present that question he should have framed his statement accordingly and not upon the ground upon which he admits there can be no recovery. We think the court erred in not granting defendant's motion for a directed verdict for want of evidence tending to support the issues presented by the pleadings and expressly agreed to by the parties.

*Reversed and remanded.*

FITCH, P. J., and GRIDLEY, J., concur.