Hillsborough, }
Nov. 5, 1929. }

EUGENE G. HAWES *Adm'r*, *v*. EDWARD M. CHASE.

*Doyle & Doyle (Mr. Paul J. Doyle orally)*, for the plaintiff.

*Warren, Howe & Wilson (Mr. Howe orally)*, for the defendant.

ALLEN, J. If the decedent's fall might be found attributable to the darkness of the hallway, recovery depends upon some duty of the defendant to maintain lights. The furnishing of lights by the landlord for hallways used in common by the tenants of a building and retained in the landlord's control is a service which he is not required to render in the absence of agreement or statute. *Capen* v. *Hall*, 21 R. I. 364; *Gleason* v. *Boohm*, 58 N. J. L. 475; *Rhodes* v. *Company*, 92 N. J. L. 569; *Leech* v. *Company*, 104 N. J. L. 381; *Pitts* v. *Kelly*, 234 Ill. App. 403; *McKinley* v. *Niederst*, 118 Oh. St. 334; *Hilsenbeck* v. *Guhring*, 131 N. Y. 674; *Rohrbacher* v. *Gillig*, 203 N. Y. 413; *Blaufarb* v. *Drooker*, 251 Mass. 201; *Carey* v. *Klein*, 259 Mass. 90; *Polansky* v. *Heller*, 241 Mass. 484. And this is the rule although the hallways may not be safely used when unlighted, at least if the need of lighting is not due to a faulty plan or defective method of construction. If the rule has this possible qualification, the record shows that the only ground of negligence raised at the trial was the failure to maintain lights, and under the rule that a

verdict cannot be sustained upon grounds of negligence available but not presented at the trial (*Bjork* v. *Company*, 79 N. H. 402, 407; *Gage* v. *Railroad*, 77 N. H. 289, 296), the plaintiff's contention now made that the plan of construction was faulty may not be considered.

The case of *English* v. *Amidon*, 72 N. H. 301, has no bearing. A master's duty to his servants has never been a test of a landlord's duty to his tenants.

*Judgment for the defendant.*

All concurred.