SARAH E. COX *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Kennebec.    Opinion, September 1, 1942.

*Locke, Campbell & Reid,* for the plaintiff.

*Pattangall, Goodspeed & Williamson,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

HUDSON, J.   This is an action of indebitatus assumpsit on account annexed (Sec. 40, Chap. 96, R. S. 1930) brought by the plaintiff to recover the face amount of an accident insurance policy because of the death of the insured by alleged accident. The defendant pleaded that the deceased committed suicide, not covered by the policy. The case was tried to the jury and it determined the cause of death to be accident. The defendant brings the case up on motion and exceptions.

At the close of the charge certain requests of instruction were made, among which was this by plaintiff's counsel:

"Where the defendant relies upon circumstantial evidence to prove suicide it is the consensus of opinion that to establish death by suicide the party making the averment must prove it by facts which exclude every reasonable hypothesis of natural or accidental death."

The Justice said:

"Now I give that in substance. I give it in my own words. In this case the plaintiff contends that there is nothing but circumstantial evidence to rebut his presumption of death not by suicide. He says there being nothing but circumstantial evidence here, that it must be clear and convincing *and that those circumstances must exclude everything else except the fact that they bring about suicide. I give that as an instruction. . . .*" (Italics ours.)

Thus the jury was given the rule that applies only in criminal cases where proof is by circumstantial evidence.

"In civil cases the rule of criminal law that where circumstantial evidence is submitted the facts proved must be such as to preclude every other hypothesis except the guilt of the accused does not apply. In a civil case circumstantial evidence need not exclude every reasonable conclusion other than that arrived at by the jury. The rule as to circumstantial evidence in a civil case is that a party will prevail if the preponderance of the evidence is in his favor. Where two equally plausible conclusions are deducible from the circumstances, the jury is left to decide which shall be adopted." 20 Am. Jur., 1043, sec. 1189.

The defense being that of suicide, the presumption that death was not suicidal obtained and upon the defendant rested the burden of going ahead with the evidence to overcome the presumption. Finally, however, the burden of proof as distinguished from the burden of going ahead with the evidence rested upon the plaintiff, who would be entitled to recover only if she established that burden of proof by a fair preponderance of the evidence. The burden of proof never shifts, but the burden of evidence, so-called, may shift.

" 'Burden of proof' and 'burden of evidence' are often confused. The phrase, burden of proof, is in fact more philosophical than practical. It means generally that a plaintiff, however often the evidence shifts, must upon the whole, persuade the jury, by legal evidence, that his contention is right. The risk of non-persuasion is all the time upon him. If he fails to persuade, he loses his case. This risk of non-persuasion is the burden which he must assume." *Foss* v. *McRae,* 105 Me., 140, 143, 73 A., 827.

The defendant, having accepted the burden of going ahead with the evidence tending to establish suicide, introduced only circumstantial evidence for that purpose. The instruction to the jury required the defendant to produce evidence not only "clear and convincing" but which would "exclude everything else except the fact that they bring about suicide."

Where the evidence in a civil action is only circumstantial and "two equally plausible conclusions are deducible from the circumstances," the jury may decide which it shall adopt (see 20 Am. Jur., Sec. 1189, page 1043, supra, and 97 American State Reports, 802, Note b) and "every other reasonable conclusion than the one arrived at need not be excluded in civil actions." Note b, supra.

*Ellis* v. *Buzzell,* 60 Me., 209, 11 Am. Rep., 204, was an action of slander for charging one with adultery.The defendant pleaded truth and so undertook establishment of the adultery. The Court, in considering whether the defendant had to establish it beyond reasonable doubt, stated on page 211:

"The burden, however, of proving that what he has said is true, rests rightfully enough upon the defendant, not only because he holds the affirmative according to the pleadings, but because of the presumption of innocence. This presumption, as well as whatever testimony the plaintiff may offer to repel the charge, the defendant must be prepared to overcome by evidence.

"But when he has done this by that measure and quantity of evidence which is ordinarily held sufficient to entitle a party upon whom the burden of proof rests, to a verdict in his favor in a civil case, shall he be required to go further, and in order to save himself from being mulcted in damages for the benefit of the plaintiff, free the minds of the jury from every reasonable doubt of the plaintiff's guilt, as the State must in the trial of a criminal prosecution?

"We see no good reason for thus confounding the distinction which is made by the best text-writers on evidence, between civil and criminal cases with regard to the degree of assurance which must be given to the jury as the basis of a verdict."

*Camden* v. *Belgrade,* 75 Me., 126, 46 Am. Rep., 364, cites *Ellis* v. *Buzzell,* supra, makes the distinction between civil and criminal cases, and states on page 131:

"In the latter class" (meaning criminal cases) "it must be such as shall exclude all reasonable doubt of guilt, while in the former, where it comes collaterally in question, it suffices if there is a preponderance of evidence, which satisfies the jury of the fact."

Also see *Campbell* v. *Burns,* 94 Me., 127, on pages 136 and 137, 46 A., 812, and Note III in 124 A. L. R., on page 1380, and many cases cited therein, including *Ellis* v. *Buzzell,* supra.

By reason of this erroneous instruction, the defense was denied the jury's application of the proper rule in deciding whether or not the defendant had sustained its burden to overcome the presumption of non-suicidal death. Rightly instructed, the jury had the right to accept and adopt the hypothesis of suicide rather than accident if it found that the defendant had overcome the presumption, although the evidence did not exclude the hypothesis of accident. Because of this instruc-

tion, the defendant was compelled to produce proof beyond legal necessity and was prejudiced by it.

Defendant's counsel admits that no specific exception was taken to this instruction, but argues strongly that nevertheless it may be considered under its Exception III, "which was intended to place the final burden of proof where it belonged, and raises the same question as the instruction which was actually given." This requested instruction denied by the presiding Justice was:

> "If the jury, after careful consideration of all the evidence, are unable to say how Harvey Cox met his death, whether by suicide, murder or accident, and the evidence does not preponderate in their minds in favor of either of these methods, in other words, if the issue remains in doubt, then their verdict should be for the defendant."

But it is unnecessary to determine whether the given instruction is assailable under Exception III, because we think it may be considered under the motion for a new trial as against law. In *Pierce* v. *Rodliff*, 95 Me., 346, 50 A., 32, the Court held that "while the practice of raising questions of law upon a motion is not to be encouraged, in cases where manifest error in law has occurred, and injustice would otherwise inevitably result, the law of the case may be examined upon a motion, and if required, the verdict be set aside as against law," citing *Berry* v. *Pullen*, 69 Me., 101, 31 Am. Rep., 248. In *State* v. *Wright*, 128 Me., 404, 148 A., 141, 142, *Pierce* v. *Rodliff*, supra, was cited with approval and consideration given to an alleged error not raised by exception but reached upon the motion for a new trial on the ground that the verdict was against the law. In the Wright case, in which the respondent was indicted for involuntary manslaughter, the presiding Justice in his charge did not distinguish between civil and criminal negligence, "instructing the jury to measure the respondent's guilt by the rules of negligence applicable only to civil cases." While that alleged error, better practice required, should have been raised

in a bill of exceptions, yet it was considered on the general motion and the appeal sustained.

In *State of Maine* v. *Mosley,* 133 Me., 168, 175 A., 307, the Court, in speaking of the Wright case, supra, said on page 172: ". . . the instruction was so plainly wrong and the point involved so vital that a new trial was ordered on the ground that the verdict must have been based upon a misconception of the law. . . ."

In *Trenton* v. *Brewer,* 134 Me., 295, 186 A., 612, this Court said on page 299: "There may, on occasion, be review of questions of law, on a new trial motion, though this is not compatible with best practice."

Very recently this Court has stated in *Springer* v. *Barnes,* 137 Me., 17, on page 20, 14 A. (2d), 503, on page 504:

"A general motion ordinarily does not reach a defect in the judge's charge. Where, however, manifest error in law has occurred in the trial of a case and injustice inevitably results, the law of the case may be examined on a motion for a new trial on the ground that the verdict is against the law."

We feel that the giving of this instruction invoking the rule as to burden of proof (where evidence is circumstantial) that is applicable only in criminal cases constituted an error in law that was highly prejudicial to the rights of the defendant and was so well calculated to result in injustice, that it is our duty without consideration of the motion on its merits and of the other exceptions to order a new trial.

*New trial granted.*

WORSTER, J., having retired, does not join in this opinion.