MARY TAUBER, Respondent, v. HOME OWNERS' LOAN CORPORATION, Appellant.— In an action to recover damages for personal injuries, defendant appeals from a judgment in favor of the plaintiff, entered upon the verdict of a jury. The plaintiff fell on a cellar stairway in the basement of a two-family house, a part of which she occupied as a tenant. She alleged that the fall was caused by inadequate lighting, together with a defective condition of the steps and a protruding nail, and that these conditions were the concurring proximate causes. The court charged the jury that as a matter of law the uncontradicted evidence established a "common stairway." This charge constitutes reversible error, for there was testimony from which the jury might reasonably have found that the landlord had not reserved control over the part of the premises from which this stairway led, but that such control was exercised by the plaintiff herself. (*Dollard* v. *Roberts,* 130 N. Y. 269; *Hirsch* v. *Radt,* 228 N. Y. 100, 104; *Cullings* v. *Goetz,* 256 N. Y. 287.) Even if this part of the charge were correct, and the duty of reasonable maintenance of the stairway had been imposed upon the defendant, the judgment, nevertheless, would still have to be reversed because the court refused to charge, as requested, that if the jury found nothing wrong with the stairs, a verdict for the plaintiff could not be based upon inadequate lighting alone. The defendant was obliged to light the premises only if there was some peculiar condition which required a special warning to be given (*McCabe* v. *Mackay,* 253 N. Y. 440, 442), and it is a question for the jury whether such defective conditions existed as to call for special warning. (*Mulac* v. *Greentree Homes, Inc.,* 256 App. Div. 1107.) If there were no defective conditions found by the jury, then there was no obligation on the part of the defendant adequately to light

the premises. The refusal to charge as requested also was error. Judgment reversed on the law and the facts and a new trial granted, costs to abide the event. Close, P. J., Hagarty, Adel, Taylor and Lewis, JJ., concur.