# O'Neil v. Noe.

Jan. 29, 1946.

Thos. F. Young and Stephens & Steely for appellant.

R. L. Pope and Oscar Black for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing and remanding.

Mrs. Myrtle Noe obtained a judgment for $2500 against C. G. O'Neil as damages for personal injuries sustained by her in a fall down a stairway in an apartment building in Corbin which was leased by Mr. O'Neil and rented out by him to others. Reversal is urged upon the grounds that (1) Mrs. Noe's petition did not state a cause of action; (2) Mr. O'Neil was entitled to a peremptory instruction; (3) the court erred in instructing

the jury; and (4) the amount of the recovery is excessive.

In substance the petition charged that Mr. O'Neil negligently and carelessly permitted the lights in the hallway and stairway to get out of repair; that there was a break in the hall floor; and that the floor plank at the head of the stairs was defective, broken and worn away. While the petition is somewhat ineptly drawn, we believe it was sufficient to state a cause of action.

Mrs. Noe testified that she had gone to the apartment building about three o'clock in the afternoon of September 9, 1944, to visit her nephew, Herbert Cummins, who had been living in the building for three or four months. This was her second visit to the place. As to the manner in which she sustained her fall, Mrs. Noe said:

"I had been visiting my nephew and had started home and I came out of his apartment out into the hall and it was dark and I started down stairs and the first step I took my foot went and I went on." She said she fell to the bottom of the stairs. Mrs. Noe placed the time of the accident at eight or eight-thirty o'clock, while her nephew said that it happened about seven o'clock. Mr. O'Neil's testimony placed the time at around six-thirty o'clock and in broad daylight. Herbert Cummins said that the lights had been out of repair for some time, but that they would work on occasions. Mrs. Noe's husband visited the scene the next day and he said that the top step was split, that it sloped downward and when one stepped upon it it had a tendency to give way. He said also there was a small hole in one of the floor planks at the head of the steps. Herbert Cummins' testimony on these points was to the same effect. The testimony for Mr. O'Neil was that the lights were in good repair, were on at the time of the accident and that there were no defects in the steps or the hall floor.

Mrs. Noe was badly bruised, but no bones were broken. She was treated by Dr. Parker for several months. She said that she was unable to perform her work of cleaning wall paper, that she was unable to do housework and that she suffered a great deal. While Dr. Parker said Mrs. Noe had not recovered at the time he examined her shortly before the trial, he would not say that her injuries were permanent.

A careful examination of Mrs. Noe's testimony does not reveal that she said she fell because of any defect in the top step, or that her fall was caused by reason of the lights being out. She merely said the hall and the stairway were dark and that when she took the first step she went down. She did not say she attempted to turn on the lights and they would not work, or that she felt any spring in the first step when she reached it. Under the circumstances, we think her proof fails to place any primary negligence on Mr. O'Neil. As a matter of fact, we think Mrs. Noe failed to exercise reasonable care for her own safety. She was not familiar with the premises, having been there only on one occasion before, and, without making any effort to turn on the lights and without making any examination of the character and nature of the steps, she proceeded down the stairway.

It is earnestly contended for Mr. O'Neil that a landlord operating premises similar to those operated by him owes no duty to his tenants or licensees to maintain lights in hallways and stairways at night. The rule as stated in the Annotation in 25 A. L. R. 1273, 1312, is as follows:

"The common-law liability of a landlord for the safe condition of approaches to, and the stairs and hallways in, premises used in common by different tenants, does not require him to keep the ordinary halls and stairways lighted, and hence he is not liable for injuries received by reason of the unlighted condition of this portion of the premises." This Annotation is supplemented in 39 A. L. R. 294; 58 A. L. R. 1411; 75 A. L. R. 154; and 97 A. L. R. 220. There is an exception to the rule, however, where there is some unusually dangerous condition about the hallway or stairway, but the stairway in question does not fall within that category. The case of Anderson & Nelson Distilleries Co. v. Hair, 103 Ky. 196, 44 S. W. 658, 19 Ky. Law Rep. 1822, seems to be the nearest case we have on this point. In that case a government inspector fell through a hole at the bottom of a stairway in a distillery. The court instructed the jury that it was the duty of the owner of the premises to keep them safe and in suitable order and condition for the purpose of movements of the plaintiff in passing from place to place in the premises, with safe and proper passways properly lighted. This Court held that too

great a burden was placed upon the distillery. It was said that the instruction should have been framed so as to place upon the distillery the duty of maintaining the stairway in reasonably safe order and that reasonably safe and proper passways should be maintained. It seems to us, therefore, that it was error for the court to instruct the jury that it was the duty of Mr. O'Neil to maintain lights in the hallway and stairway.

The jury was also authorized to find for Mrs. Noe for any permanent impairment of her power to earn money. As we have noted, there was no medical testimony showing that Mrs. Noe had sustained a permanent injury. Under the circumstances, we think it was error to give this instruction.

Since we are reversing the judgment on other grounds, it is unnecessary for us to discuss the question of whether the award of $2500 is excessive.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.