CLIFTON THOMPSON
*vs.*
MARY C. FRANCKUS

ANNA B. THOMPSON
*vs.*
MARY C. FRANCKUS

Androscoggin.   Opinion, August 12, 1954.

*Frank M. Coffin,* for plaintiff.

*Powers & Powers,* for defendant.

Sitting: Fellows, C. J., Williamson, Tirrell, Webber, Beliveau, Tapley, JJ.

Tirrell, J. Plaintiffs, husband and wife, brought actions on the case for damages resulting from physical injuries to the wife caused by defendant's negligence. These actions were brought in the Superior Court, Androscoggin County, and tried before a jury at the September Term, 1953. At the end of the presentation of evidence, defendant requested certain instructions, which the court refused to give, and to which refusal defendant excepted. The jury returned verdicts for both plaintiffs. This case is now before this court on defendant's Bill of Exceptions and Motion for a New Trial.

The jury could have found from the testimony the facts to be as follows: At approximately seven-thirty in the evening of October 7, 1952 Mrs. Anna B. Thompson, plaintiff, visited Mrs. Rachel Rioux who lived at 22 Knox Street in the City of Lewiston, on the second floor of a four-story apartment house with the only means of ingress and egress being a common stairway to all apartments. This apartment house was owned by Mrs. Mary C. Franckus, defendant. Mrs. Thompson visited Mrs. Rioux on this occasion for the purpose of having her hair dressed. Mrs. Thompson gained access to Mrs. Rioux's apartment by a stairway which was used in common by all tenants of the building. Mrs. Rioux was learning to be a hairdresser and had agreed with Mrs. Thompson to dress her hair so that she could get some experience.

At approximately eight-thirty that evening Mrs. Thompson left Mrs. Rioux's apartment and Mrs. Rioux accompanied her to the head of the stairway. Mrs. Thompson reached for a hand rail and found that there was none. *There was no light burning on the first floor landing* and *the light on the second floor landing did not illuminate the*

*stairway*. At this point Mrs. Thompson paused while Mrs. Rioux started to return to her apartment in search of a match to aid Mrs. Thompson. While Mrs. Rioux was gone Mrs. Thompson found a matchbook in her pocketbook, lit a match, and then proceeded to descend the stairway. In taking a step, however, she tripped, and fell the length of the stairway. Testimony was presented to the jury as to the condition of the linoleum which was placed on the wooden tread of each stair. The jury could well have found from the testimony given that this linoleum covering on the treads was badly worn and contained holes of such nature as to create a hazard. The old linoleum coverings for the treads were not presented as exhibits but were described by a witness, namely Mrs. Rioux, the tenant, who removed them the day following the accident and replaced them with new rubber coverings.

As a result of this fall Mrs. Thompson was severely injured, and was hospitalized for approximately eight weeks. At the time of the trial she was still unable to perform her household duties and was unable to return to her work as a heel coverer for the Rock Maple Wood Heel Company.

The defendant requested in writing that the presiding justice then instruct the jury as follows:

1. Visitor of tenant in building owned by the defendant has no greater rights in use of premises than has tenant, to whom the defendant owes no duty except to maintain passageway structurally in the same or similar condition as at date of letting, or as it appeared to be at the beginning of tenancy.

2. There is no common law duty on the part of landlord to light common passageways or stairways at night except by contract express or implied.

3. Under all conditions and circumstances, men must use reasonable care, and if they fail to

use reasonable care, and are hurt on account of their failure, then they must bear their injuries themselves regardless of who else might have been responsible.

The court refused to give these requested instructions and the defendant duly and seasonably excepted to the court's refusal. Examination of the plaintiff's writ reveals in several places that part of the claimed negligence of the defendant was the failure to provide adequate lighting for the common halls and stairways. During the trial of the case much testimony was introduced by both the plaintiff and the defendant relative to the lighting facilities and adequacy of the lighting of such part of the premises as was retained and controlled by the defendant as common halls and stairways for the use of her tenants and others rightfully thereon.

The plaintiff introduced a city ordinance which provided for the lighting of common stairways and halls in buildings erected after the year 1936 and relied upon the violation of this ordinance as one of the causes of the accident. The presiding justice, in his charge to the jury, instructed the jury that this ordinance did not apply to this particular case and the jury was instructed to disregard it. In examining the charge of the presiding justice we fail to find any mention of whether or not the defendant owed any duty to her tenants, or to those rightfully on said premises, to furnish adequate lighting in the common hallways and stairways. The subject of lighting, outside of instructing the jury to disregard the particular ordinance, was never mentioned in the charge of the presiding justice. *The jury was given no rule of law as to what duty the landlord owed to the tenant, or to one rightfully on said premises,* as to lighting, and therefore no rule of law could be applied by the jury to the facts as it found them to be.

The *general rule* is that the failure of the landlord to light common passageways resulting in personal injuries to the

tenant or others does not render the landlord liable unless liability is imposed by the statute or contract. 52 C. J. S., Sec. 417. Although this above is the general rule, such rule may vary, at least as to others rightfully upon said premises and not being tenants, if the landlord allows some dangerous condition to exist which is increased by the failure to light. This rule has been adopted in part, at least, as shown by cases cited under 25 *A. L. R.* (2) 512, Sec. 5. In particular we refer to *Hawes* v. *Chase,* 84 N. H. 170, 147 A. 748:

> ". . . . noting a *possible* qualification of the rule that a landlord is under no duty to maintain lights in common passageways, where the need of lighting is due to a faulty plan or defective method of construction; but holding that negligence under this qualification of the rule was not available to the plaintiff where it was not presented at the trial.
>
> * * * * *
>
> "But it was said in *Carey* v. *Klein* (1927) 259 Mass. 90, 155 N. E. 868, that, standing alone, the fact that the construction of the premises leaves halls and stairways unlighted does not place upon the landlord any obligation to light such common portions of the premises, since the *tenant* takes the premises as he finds them.
>
> * * * * *
>
> "In an action for personal injuries allegedly caused by the landlord's negligent failure to light common ways over which he has retained control, it is ordinarily a question for the jury as to whether the premises in question are of such peculiar construction or defective condition as to impose upon the landlord the duty of supplying lights. *Tauber* v. *Home Owners' Loan Corp.* (1943) 267 App. Div. 766, 45 NYS 2d 293.
>
> "So, it has been held that the part of the premises retained in the landlord's control could be found to be of such construction or in such condition as to *peculiarly require lights. . . . . .*" (Emphasis supplied)

*O'Neil* v. *Noe*, 301 Ky. 472; 192 S. W. (2nd) 366.

For the purpose of deciding this case it is preferable that the *General Motion* for a *New Trial* be first considered.

Chap. 100 of the Revised Statutes, Sec. 105, reads as follows:

> "During a jury trial the *presiding justice shall rule and charge the jury, orally or in writing, upon all matters of law arising in the case,* but shall not, during the trial, including the charge, express an opinion upon issues of fact arising in the case, and such expression of opinion is sufficient cause for a new trial, if either party aggrieved thereby and interested desires it; and the same shall be ordered accordingly by the law court upon exceptions." (Emphasis supplied)

This court has said many times that practice at variance with Rule XVIII of the Rules of Court, which rule definitely states:

> "Exceptions to any opinion, direction or *omission* of the presiding justice in his charge to the jury must be noted before the jury, or all objections thereto will be regarded as waived."

should not be encouraged. There is, however, a rather definite exception to the application of the rule which has developed in instances where a jury has been given instructions which were plainly erroneous or which *justified* a belief that the jurors *might have been misled as to the exact issue, or issues which were before them to be determined.* See *Roberts* v. *Neil,* 138 Me. 105; *Davis* v. *Ingerson,* 148 Me. 335, at 344; *Cox* v. *Metropolitan Life Insurance Company,* 139 Me. 167, at 172.

In our opinion the failure of the presiding justice to instruct the jury specifically as to the duties of a landlord, who has retained and maintained common hallways and stairways, both as to the tenant and others lawfully upon

said property, should have been explained to the jury. In the instant case *no* rule was given, the only reference in the charge being upon the ordinary rule of negligence, without any further qualification.

For a complete discussion of the duties of and the liability of a landlord to his tenants and others lawfully using common passageway and stairways, see *25 A. L. R. (2nd)*, beginning at page 496 through page 576.

In *State of Maine* v. *Smith*, 140 Me. 255, at pages 284, 285, 286 the court said:

> "In Sec. 104 of Chap. 96, R. S. 1930 (now Chap. 100, Sec. 105), it is provided that 'During a jury trial the presiding justice shall rule and charge the jury, orally or in writing, upon all matters of law arising in the case. . . . .' Yet an attorney has a duty in connection with such trials and ordinarily he cannot take advantage of such an omission unless before the jury retires he calls the attention of the Court to it. He cannot sit by, remain silent, and secure an advantage when, as an officer of the Court, he should call the Court's attention to such omission.

> " 'If either party thinks any material matter has been misstated, or overstated, *or omitted,* he should ask for proper corrections before the jury are finally sent out. He ought not to be silent then, when corrections can be made, and complain afterwards, when corrections can not be made.' *Murchie* v. *Gates*, 78 Me., 300, 306, 4 A., 691, 701. (Italics ours.)"

> "Also see *State* v. *Fenlason*, 78 Me., 495, 501, 7 A., 385.

> "While the Court itself by such an omission would not comply fully with the statute (perhaps through inadvertence or diversion of mind), yet litigant (no exception being taken) cannot in this Appellate Court, except as hereinafter stated complain if his attorney is at fault in not then making

it possible for the jury to receive an omitted instruction.

"Rule of Court XVIII pertinently provides in part:

> " 'Exceptions to any opinion, direction or *omission* of the presiding justice in his charge to the jury must be noted before the jury, or all objections thereto will be regarded as waived.' (Italics ours.)

"In *Poland* v. *McDowell,* 114 Me., 511, our Court stated on page 512, 96 A., 834, 835:

> " 'This rule was declared in *McKown* v. *Powers,* 86 Me., 291, to be merely an affirmance of a long pre-existing rule of practice. It is true that this rule is not always enforced. Exceptions not reserved before the jury retires are sometimes allowed as a matter of grace, but not as a matter of right. The excepting party is not entitled to them as of right. The presiding Justice is not required to allow them.'

"In the instant case no exceptions were taken to such claimed omissions. However, this Court has in certain cases reviewed questions of law both on a motion for a new trial and on appeal, even though exceptions were not taken. *State* v. *Wright,* 128 Me., 404, 148, A., 141; *State of Maine* v. *Mosley,* 133 Me., 168, 175 A., 307; *Trenton* v. *Brewer,* 134 Me., 295, 186 A., 612; *Springer* v. *Barnes,* 137 Me., 17, 14 A., 2d, 503; *Megquier* v. *De Weaver,* 139 Me., 95, 27 A. (2d), 399; and *Cox* v. *Metropolitan Life Ins. Co.,* 139 Me. 167, 28 A (2d), 143."

"Such review, however, is not compatible with best practice, and although there be error in an instruction, when no exception is taken, a new trial either on appeal or motion should not be granted unless, as stated in the above cited cases, 'error in law . . . was highly prejudicial . . . and well calculated to result in injustice,' or 'injustice

would otherwise inevitably result,' or 'the instruction was so plainly wrong and the point involved so vital ... that the verdict must have been based upon a misconception of the law,' or *'When it is apparent from a review of all the record that a party has not had that impartial trial to which under the law he is entitled ...'*. We consider the foregoing applicable as well to an omission as to an erroneous instruction where no exception is taken." (Emphasis supplied)

The defendant's motion for a new trial in each case is sustained and a new trial is ordered.

Having decided this case on the General Motion it becomes unnecessary to consider exceptions. This rule is so familiar it needs no citations. The entry therefore is

*Motion for new trial sustained and granted.*

*New trial ordered in each case.*