FHEMIE PELLETIER

*vs.*

SYLVANUS S. DAVIS

Aroostook.　Opinion, November 21, 1955.

*George B. Barnes,* for plaintiff.

*James A. Bishop,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, CLARKE, JJ.

TAPLEY, J. On motion for new trial. This is an action of assault and battery. The case was tried before a jury at the November Term, 1954 of the Superior Court for the County of Aroostook. The verdict favored the plaintiff with assessment of damages in the sum of $243.75. The defendant, Sylvanus S. Davis, a police officer of the City of Presque Isle, Maine, filed the general issue of not guilty and for a brief statement of defense stated that at the time of the alleged assault and battery took place he was a duly appointed and qualified constable of the City of Presque Isle acting in the lawful performance of his duty; that he lawfully arrested the plaintiff, taking her into custody by virtue and authority of a warrant issued by the Recorder of the Presque Isle Municipal Court, and that in arresting the plaintiff and taking her into custody, he used only the degree of force as was necessary to accomplish this purpose.

The plaintiff complained to the Presque Isle Police Department against two individuals who were living next door to her, requesting that the department investigate the conditions under which they were living. After the investigation, which was made by the defendant, he reported to her the outcome of his investigation, whereupon an argument took place between the officer and this plaintiff. Following the argument the officer procured a warrant against the

plaintiff charging her with being a person wanton and lascivious in speech and behavior. The officer, being the defendant, later returned armed with the warrant and in company with another police officer. The officers upon their arrival entered the home of the plaintiff, whereupon the defendant told the plaintiff he was in possession of a warrant against her and attempted to advise her of its contents by reading it to her. There was objection on the part of the plaintiff to accompanying the officers to the police station and it was finally agreed that she go there with her husband. After she arrived at the police station there occurred some trouble between the defendant and the plaintiff which finally resulted in the plaintiff being confined in a cell. This case is based on the plaintiff's contention that the acts of the police officer defendant were such as to cause him to be guilty of assault and battery.

The defendant's case in defense was substantially that he was acting under the right and authority of a valid warrant and at no time did he exceed the force that was necessary in arresting and taking into custody the person of the plaintiff. The defendant by process of his motion for a new trial attacks the verdict of the jury by saying that it had no basis in law or fact. He goes one step further by attacking the charge of the presiding justice. It is important to observe that counsel for the defendant in his brief raises a number of issues which, with the exception of the one concerning the judge's charge, pertain to questions of fact. These questions of fact are for jury determination.

The parties to the litigation agreed that the warrant upon which the arrest was based was valid and the jury was so instructed. It is therefore unnecessary to consider any questions bearing upon the validity of the process. The case was closed without the defendant taking exceptions to any portion of the charge. The defendant now seeks to attack the

charge in the proceedings before this court as being inade-quate and detrimental to the rights of the defendant.

Rule XVIII of the Rules of Court in part provides:

> "Exceptions to any opinion, direction or omis-sion of the presiding justice in his charge to the jury must be noted before the jury, or all objec-tions thereto will be regarded as waived."

Counsel for the defendant argues that to this Rule there are exceptions and the nature of the charge in this case is such that it comes within the exceptions and should be considered by this court. In support of his contention he cites the case of *Thompson* v. *Franckus,* 150 Me. 196. It is well for us to analyze the *Thompson* case in the light of the circumstances obtaining in the instant case. In *Thompson* v. *Franckus,* 150 Me. at page 201, Justice Tirrell in his opinion wrote:

> "This court has said many times that practice at variance with Rule XVIII of the Rules of Court, which rule definitely states:
>
>> 'Exceptions to any opinion, direction or omission of the presiding justice in his charge to the jury must be noted before the jury, or all objections thereto will be regarded as waived.'
>
> should not be encouraged. There is, however, a rather definite exception to the application of the rule which has developed in instances where a jury has been given instructions which were plainly erroneous or which justified a belief that the jurors might have been misled as to the exact issue, or issues which were before them to be determined."

It is readily seen that the policy of this court is to dis-courage consideration of attacks upon the charge of a pre-siding justice unless exceptions are taken in accordance with Rule XVIII. An exception to Rule XVIII is only to be allowed where instructions were plainly erroneous or in

cases where the jurors might have been misled as to exact issues. In other words, where a charge of the presiding justice is in error to the point where it causes an injustice to the party or parties involved, then the exception to Rule XVIII would lie and this court would consider the objections.

In view of the fact the attorney for the defendant has brought to our attention his objection to portions of the charge and seeks to invoke an exception to Rule XVIII of the Rules of Court, it becomes necessary and proper that the presiding justice's charge be analyzed with the purpose in mind of determining whether the charge is of such a nature that it comes within the recognized exception of Rule XVIII.

The charge was carefully scrutinized with the idea of determining whether it was plainly erroneous or that the jurors might have been misled as to issues involved. We find that the instructions to the jury were not of that nature which would classify them as plainly erroneous or tending to mislead the jurors as to the exact issues in this case.

The instructions as to the law were adequate and not erroneous.

The defendant by bringing a motion for a new trial before this court burdens himself with the responsibility of proving to the satisfaction of the court that the verdict was manifestly wrong. *Witham* v. *Quigg,* 146 Me. 98; *Lessard* v. *Samuel Sherman Corporation,* 145 Me. 296.

On the issue of liability, the circumstances of this case come within the well defined and accepted rule as stated in *Chizmar* v. *Ellis,* 150 Me. 125, at page 126:

" 'The jury heard the evidence and determined the facts. **** Where there is sufficient evidence upon

which reasonable men may differ in their conclusions, the Court has no right to substitute its own judgment for that of the jury.' "

Argument is made to the effect that the damages are excessive. In speaking of excessive damages, reference is made to *Pearson* v. *Hanna,* 145 Me. 379, at page 380:

" 'As a general rule, the parties are entitled to the judgment of the jury and not of the court upon that question. There are cases, to be sure, where the court will intervene; but those cases will be governed by the evidence and circumstances of each particular case. The court will not, however, set verdicts aside on the ground that the damages are excessive or inadequate unless it is apparent that the jury acted under some bias, prejudice or improper influence, or have made some mistake of fact or law.' "

In the light of the evidence on damages, it cannot be said that the jury erred in its findings in this respect.

There are many issues of fact in this case for jury determination. The record discloses no evidence that the jury was biased, prejudiced or improperly influenced.

*Motion overruled.*