**Frank URBAN, Appellant,**

**v.**

**Frances WALKER, Appellee.**

Court of Appeals of Kentucky.

March 25, 1966.

Rehearing Denied June 17, 1966.

Fielden Woodward, Woodward, Hobson & Fulton, Louisville, for appellant.

C. M. Leibson, Louisville, for appellee.

DAVIS, Commissioner.

Frances Walker, appellee, obtained verdict and judgment awarding her $10,000 against appellant Frank Urban, as compensation for her alleged injuries, medical expenses and loss of time resulting from her fall down a stairway in an apartment building owned by appellant in Louisville. Appellant presents these assignments of error for reversal: (1) the trial court erroneously instructed the jury, thereby imposing absolute liability upon appellant; (2) competent evidence was erroneously excluded; (3) incompetent evidence was erroneously admitted; (4) appellee's counsel made prejudicially inflammatory remarks in his closing argument to the jury, and (5) the

court should have ruled as a matter of law that the appellee was guilty of contributory negligence, or assumption of risk.

The evidence for appellee discloses that on December 7, 1961, she fell down a stairway in a building owned by appellant. Appellee had gone to the building to make a business call upon a tenant living on the third floor of the building; she had gone there at the invitation of the tenant. The accident happened between 7:30 and 8:00 p. m. When the appellee had climbed the stairs on her way to visit the tenant she had observed that the lighting on the stairs was somewhat dim, but she considered it as sufficient for the occasion. She said that she then noticed that there was no light over the stairs between the first and second floors. Although there was a light fixture and a window at the landing between the first and second floors, appellee said that there was no light burning in the fixture, and it was so dark at the point that she had not been aware of the existence of the window or the light fixture before the accident.

Appellee's version and theory of the accident is that a light on the second floor did cast some light along the stairway between the second and first floors, but that the intervention of her own body between the light source and the stairway, as she descended the stairs, coupled with the physical arrangement of the premises, caused a deceptive shadow to be thrown upon the landing—causing her to believe there was a step off the landing at a different place from where the actual step existed. This condition, she explained, induced her to step on the shadow—for a step—in such way as to cause her to lose her balance and fall. At the time appellee was carrying her sample case in her right hand (the case weighed about 20–25 pounds) and her handbag was slung over her left hand.

Mr. and Mrs. Richard Smith were tenants in the appellant's building, with quarters on the second floor. They heard the noise incident to appellee's fall and Mr. Smith went to appellee's aid. Both he and Mrs. Smith testified that the overhead lights were not burning at the time of the accident; that rays from hurricane lamp fixtures on the second floor wall cast dim light upon the stairway between the second and first floors. As Mrs. Smith expressed it: "The day, about three days before Mrs. Walker fell, I fell down the same set of steps for the same reason, because it cast a shadow on the landing and makes it appear that the landing ends before it does."

Mr. Smith testified that he notified appellant of the fact that his wife had fallen and that the lights were not working properly—and added that there had been no correction in the inadequate lighting situation between the time of his wife's fall and the time appellee fell. Appellant denied this.

■ Appellant contends that the effect of the court's instruction number five was to impose absolute liability upon him. We have read the instructions, and are unable to accord them that interpretation. The first instruction required appellant to " * * * exercise ordinary care to keep and maintain the steps * * * in a reasonably safe condition." The fact that the jury was told that such duty included the duties to provide adequate artificial lighting "whenever natural lighting is inadequate" and to "provide a handrail on at least one side" was qualified by the "exercise of ordinary care" principle. We find no merit in the contention that absolute liability was imposed by the instructions.

■ Neither are we persuaded that error pervaded the somewhat inept wording of the damage instruction (No. 5) as it related to proximate cause. The first instruction specifically required the jury to find that any injury to appellee was " * * * as the direct and proximate result of said failure on the part of the defendant * * *" before any award to appellee could be made. The instructions are to be read in their entirety. No merit

is found in appellant's attack upon the instructions.

◼ The complaint about excluded evidence relates to appellant's effort to question a doctor. Appellant asked the doctor whether the term "functional condition" had a definite meaning in the medical profession; the doctor responded that it did, and told what that meaning is. Thereupon, appellant's counsel sought to have the doctor read a notation made by another physician on the hospital chart of appellee; the court sustained appellee's objection, to which appellant's counsel responded: "The point I am making is the term 'functional condition' has a meaning to all doctors." There the effort ended. We think appellant may not complain for at least two reasons: one, the doctor had already said what "functional condition" denotes, and two, the appellant made no avowal as to what evidence he intended to elicit.

◼ Neither do we find merit in appellant's claim that improper evidence was admitted. The first attack on this ground relates to evidence from Mrs. Smith that there was no overhead light in the second-floor hall. It is reasoned by appellant that the evidence was irrelevant, since the accident did not occur on the second floor. The difficulty with that position is that it was shown that the absence of the light on the second floor played a part in creating the deceptive condition on the landing where appellee fell. We consider the evidence to have been competent and relevant.

◼ The other complaint about admitted evidence deals with the matter of Mrs. Smith's prior accident. We think that evidence was proper because it related directly to the issue as to whether appellant had notice of the claimed dangerous condition. Moreover, the detail in which Mrs. Smith explained that her fall was brought about by the same deceptive condition—coupled with its proximity in time to the accident at bar—brings her evidence within the rule which permits evidence of prior accidents.

See Mackey v. Allen, Ky., 396 S.W.2d 55, 57; F. W. Woolworth Co. v. Brown, 258 Ky. 29, 79 S.W.2d 362; Chesapeake & O. R. Co. v. Meyers, 150 Ky. 841, 151 S.W. 19; 70 A.L.R.2d 167, et seq. It is observed that in *Mackey* and *Meyers,* just cited, we required an admonition to be given by the trial judge as to the limited purpose of the testimony. None was given here; nor was one requested. In these circumstances we hold that appellant may not be heard to complain of this evidence.

In his closing argument, counsel for appellee said:

"* * * the evidence shows and shows conclusively that these things happened to her and they were painful and it was a horrible terrifying experience and nobody can feel another person's pain. I can't translate it to you. I can tell you that pain is something that is so bad that they can electrocute you and kill you under the law, but they can't submit you to pain.

Mr. Woodward: I object to that argument. It is intended to be prejudicial.

The Court: Go ahead.

Mr. Leibson: Under the law you can't submit anybody to pain for any crime. Pain is the worst thing imaginable. * * *"

◼◼ It is contended that this argument was so inflammatory and improper as to require reversal. We do not agree. It is established that counsel are permitted latitude in closing arguments, but must not appeal to the passions and prejudices of the jury in a studied purpose to arouse those passions and prejudices by statements not supported by the record. Cf. Gunterman v. Cleaver, 204 Ky. 62, 64, 263 S.W. 683, 684. It is our view that the challenged argument simply may not be characterized as falling within the area of improper argument. Citations of proper and improper arguments could be multiplied, but no useful purpose would be served. See, for example,

Lanning v. Brown, Ky., 377 S.W.2d 590, for a recent discussion of the problem.

Finally, appellant contends that as a matter of law, appellee was either contributorily negligent or she assumed the risk. This argument is premised on the fact that appellee saw that the stairs were dimly lighted when she ascended them, and again when she came down. Thus, it is reasoned, she took her chances. But appellee explained that she considered that the lighting, while dim, was sufficient—and it was only after the accident that she came to know that the deceptive shadow had been cast. Under this showing, we think a jury issue was presented as to appellee's exercise of care for her own safety; the jury has resolved that issue adversely to appellant, and we perceive no error in its so doing.

The judgment is affirmed.