Fred CREECH and Employees Compensation Fund, Appellants,

v.

HEAVEN HILL DISTILLERIES, INC., Appellee.

Court of Appeals of Kentucky.

June 1, 1973.

Rehearing Denied Sept. 7, 1973.

John Douglas Hubbard, John S. Kelley, E. E. Hubbard, Fulton, Hubbard & Kelley, Bardstown, for appellants.

J. Smith Barlow, Jr., Richard S. Barlow, Barlow & Barlow, Bardstown, for appellee.

VANCE, Commissioner.

This is an appeal from a summary judgment which dismissed appellant's claim for damages arising from personal injuries sustained by him.

The appellant, an employee of the United States Treasury Department, Alcohol and Tobacco Tax Division, was assigned to duty at Heaven Hill Distilleries as a storekeeper-gauger. His duties required him to make inspections to verify changes of equipment on the premises.

The injury occurred in a portion of the distillery known as the Old Regauge Room. Prior to the injury the appellee had constructed a new regauge room and had transferred some equipment, including two pumps and some scales, from the old to the New Regauge Room. The removal of the scales exposed an open concrete pit approximately 3' x 4' underneath the scales which was left uncovered and unguarded. The pumps were returned to the Old Regauge Room when new pumps were received by Heaven Hill but the scales remained in the new facility.

The appellant was notified of the return of the pumps to the Old Regauge Room and it became his duty to verify the return.

The Old Regauge Room was under government seal and lock for which appellant possessed a key. The room was not in use and was dark except for some diffused light which entered through plastic or glass bricks on the north wall. The electric fixtures were controlled by a switch located on a post approximately ten feet inside the building from the entrance. There was no evidence that the lights were not working and they did operate the day after the injury.

The appellant was generally familiar with the layout of the building and the location of the equipment therein from previous inspections but he did not know the scales had been removed and was not aware of the open unguarded pit in the floor. He entered the building, did not activate the light switch, and proceeded to make his inspection with the aid of a flashlight. He located one of the pumps with the flashlight and as he turned to locate the other pump he fell into the pit and was injured.

There was evidence that it was a usual and customary procedure for gaugers to make inspections using only a flashlight and that the company knew or should have known of this custom. The company furnished the flashlight to the appellant. The appellant testified that he did not activate the light switch because he was not certain of its location and also that it was not customary to do so because of the danger of activating plant machinery, injuring workmen or igniting flammable fumes in the air.

This case was disposed of by summary judgment which is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56.03.

■ The appellant occupied the status of a business invitee. The possessor of land is subject to liability for physical harm caused to his invitee by a condition on the land if he knows or should know the condition, should realize that it involves an unreasonable risk of harm to an invitee, should expect that the invitee will not discover or realize the danger and fails to exercise reasonable care to protect the invitee from the danger. Restatement of the Law, Torts 2nd, Section 343.

■■ The appellee cannot be absolved of negligence as a matter of law. There was evidence from which a reasonable inference could be drawn that appellee should have anticipated that appellant would inspect the premises upon receipt of notice of the transfer of equipment. There is a material issue as to whether there was a custom of making such inspections by flashlight and, if so, whether appellee knew or should have known of the custom.[1]

If the appellee had reason to anticipate that appellant would inspect the unlighted premises with the use of a flashlight as the only means of illumination, it is not difficult to conclude that appellee should have realized that an open unguarded pit in the floor of the building constituted an unreasonable risk to appellant which, under the circumstances, he might not discover.

We are also of the opinion that appellee was not entitled to a summary judgment on the issue of contributory negligence of appellant.

■ The appellant was required to exercise that degree of care for his own safety as would ordinarily be exercised by a reasonably prudent person under the same or similar circumstances. As an invitee he was entitled to expect the premises to be in a reasonably safe condition and was not required to anticipate the defect in the floor which caused his injury. One of the circumstances to be considered is that he had a general knowledge of the premises from previous inspections and was not aware of any openings in the floor. He did not proceed in total darkness but used a flashlight which was furnished by the appellee. There was also some light in the building by reason of the plastic or glass bricks in the north wall. Under these circumstances we think reasonable men might reach different conclusions as to whether appellant exercised reasonable care for his own safety.

Appellee cites Whelan v. Van Natta, Ky., 382 S.W.2d 205 (1964); Forman v. Silver, Ky., 313 S.W.2d 420 (1958) and O'Neil v. Noe, 301 Ky. 472, 192 S.W.2d 366 (1946), to sustain the proposition that one who is injured while proceeding blindly in the darkness is contributorily negligent as a matter of law.

Appellant cites Cantrell v. Hardin Hospital Management Corporation, Ky., 459 S.W.2d 164 (1970); Jones v. Winn-Dixie of Louisville, Inc., Ky., 458 S.W.2d 767 (1970); Urban v. Walker, Ky., 403 S.W.2d 11 (1966) and Downing v. Drybrough, Ky., 249 S.W.2d 711 (1952), for the proposition that it is for the jury to determine the issue of contributory negligence of one who is injured while walking in the dark.

The cases cited by appellant and appellee, although reaching different results, are not necessarily in conflict because each case turns upon different facts and circum-

---

1. Appellee contends the existence of this alleged custom was not properly in issue since it was not pleaded. We think the pleading was unnecessary since the adoption of the present Rules of Civil Procedure. Although appellant cannot justify his conduct by reliance on a custom which may be inherently dangerous, the appellee's knowledge of the custom is relevant in determining appellee's duty.

stances. The standard of care in all of them is reasonableness but what is reasonable in each case necessarily depends upon the circumstances of that case. Whether conduct is reasonable under given circumstances is ordinarily a jury question unless reasonable men can reach but one conclusion.

The dismissal of the action by summary judgment was error. The judgment is reversed for proceedings consistent with this opinion.

PALMORE, C. J., and OSBORNE, REED, MILLIKEN, STEPHENSON and STEINFELD, JJ., sitting.

All concur.