JOHN KOLASEN *vs*. THE GREAT NORTHERN PAPER COMPANY.

Somerset.   Opinion November 6, 1916.

*Assumption of risk.   Dangers which ought to have been seen and appreciated
by workmen.   Duty of employer towards servants in providing a safe
place in which to work.   Duty of employer as to giving warning
of hidden dangers.   Rule of law where employee worked
around a machine to which was attached a set screw
and of which the employee had no knowledge.*

Action for personal injuries.   The plaintiff was painting near the ceiling of a dimly lighted alcove of the screen room in the defendant's mill, in close proximity to a rapidly revolving shaft.   To this shaft had been attached a collar seven or eight inches in diameter, from which projected a set screw about three-fourths of an inch.   The collar had been attached ten years before for the purpose of running a machine, had served its purpose for two or three years and had then been abandoned.   But the defendant had not removed it and it had been allowed to remain in disuse.   While in the performance of his work the plaintiff's clothing was caught in the set screw and he was drawn violently around the shaft receiving grievous and permanent injuries.   He recovered a verdict in the sum of $12,000.   At a previous trial, the presiding justice ordered a non suit.   Plaintiff's exceptions to this order were sustained by this court and the action was sent back for trial before a jury.

Upon defendant's motion for a new trial it is *Held;*

1.   That the evidence at this trial is practically the same as at the first.   The defendant introduced no testimony except the affidavit of a witness for the plaintiff given on the day of the accident, tending to contradict the witness' testimony at the time.   This was admissible for the purpose of impeaching the credibility of the witness, but can be given no other nor further weight.

2.   That under these circumstances, the same question is before this court as before.   If the plaintiff is not entitled to recover as a matter of law, the non suit would have been sustained.   The reversal of the non suit then is logically followed by the denial of this motion now.

3.   That upon the evidence the verdict is not clearly wrong.   The jury could well find the existence of a dangerous feature, which was not visible to an observing operative, one that was not made known to him and one which the employer should have known and in fact did know, evidence tending to prove negligence on the part of the defendant.

4. That owing to the plaintiff's inexperience, ignorance of the exact situation and lack of warning, the jury were justified in finding that he was himself in the exercise of due care and had not assumed the risk.

5. That the question of excessive verdict is not argued by the defendant. The plaintiff's injuries were lamentable. Both arms and both legs were broken and there were injuries to the back and one eye. The plaintiff has been subjected to many operations, is wholly incapacitated from labor and is a physical wreck. The verdict is large, but we do not feel warranted in disturbing it.

Action on the case to recover for personal injuries. Defendant pleaded general issue. Verdict for plaintiff in the sum of twelve thousand dollars. Defendant filed motion for new trial. Motion overruled. Judgment on the verdict.

Case stated in opinion.

*S. W. Gould, and Maurice P. Merrill,* for plaintiff.

*Newell & Woodside, and White & Carter,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHILBROOK, JJ.

CORNISH, J. Action on the case for personal injuries. It is before this court a second time.

At the first trial a non suit was ordered at the close of the plaintiff's evidence, and exceptions to this order were sustained. *Kolasen* v. *The Great Northern Paper Co.,* 114 Maine, 400.

Upon a second trial the jury returned a verdict in favor of the plaintiff in the sum of twelve thousand dollars. The case is now before this court on a motion for new trial on the general ground that the verdict is against the evidence. The evidence is practically the same as at the first trial. The defendant submitted no testimony whatever except the affidavit of a witness for the plaintiff, a fellow workman, who at this trial testified that he had no recollection of having cautioned the plaintiff about being careful when he was at work around belts and pulleys. In this affidavit, made on the date of the accident, he states that when he had been working with Kolasen he had told him "to be careful about working around belts and pulleys and not get caught." This however is not evidence of the fact itself. It was a statement made by a witness out of court

at variance with his testimony on the stand. As such it was admissible for the purpose of impeaching his credibility, but can be given no other or further weight. *Barnes* v. *Rumford,* 96 Maine, 315, 322.

The situation therefore is this. This cause was sent back for trial because the court was of the opinion, to quote its language, "that the facts relating to the question of liability of defendant should have been submitted to the jury." The cause has now been submitted to a jury and a verdict rendered for the plaintiff. Upon the same evidence as before the defendant now asks that the verdict of the jury be set aside. In other words it asks the court to now hold as a matter of law that the plaintiff cannot recover. This question has in effect been passed upon in the previous decision. If the court had then been of opinion that the plaintiff could not recover as a matter of law, it would have sustained the non suit and would not have ordered a submission to the jury. It is the same question as before in another form, and the refusal of the non suit then is logically followed by the denial of this motion now.

It is not improper to add however that we have carefully reviewed the evidence in the light of the argument of the learned counsel for the defendant, and we see no occasion to change the opinion formerly expressed.

The doctrine of the so-called "Set screw cases" is strenuously urged by the defendant as a complete defence to this action. But we do not so regard it. The principles applicable to the correlative duties of master and servant respecting revolving shafts and set screws form a part of the great body of the law of negligence and do not, or at least should not, constitute an exception thereto. There is nothing sacred about a set screw. It takes its place in the same category as other mechanical appliances and devices. The same rules must apply to all. These rules are set forth in a comparatively recent set screw case in this State. *Podvin* v. *Manufacturing Company,* 104 Maine, 561, relied on by the defendant. The duty of the master with respect to furnishing reasonably safe machinery and a reasonably safe place in which the servant can work is thus restated: "The plaintiff claims that the risk was upon the defendant, because it did not have the set screws so

countersunk or otherwise fixed as to remove all danger of injury from them. This claim is not well founded. It is not the legal duty of an employer of labor upon machines to provide and use the safest possible or even safest known machines. There must be no weakness, no want of repair, no dangerous feature, not visible to an observing operative or made known to him and such as the employer should have known. If such a machine be provided the employer has done his full legal duty in that respect."

The liability resting upon the servant touching the assumption of risk then follows in these words: "But the plaintiff further claims that the risk was upon the defendant and had not been assumed by her because her attention had not been called to the set screws and to the danger of injury from them. This claim is also without foundation. An operative by agreeing to operate and operating a particular machine, without stipulation to the contrary, assumes the risk of injury not only from those features of the machine called to his attention but also from those open to observation." These are familiar principles of law, and the test of defendant's liability in each case must be, was there a danger which in view of the plaintiff's experience, intelligence and capacity was not appreciated by or apparent to him, or which should have been apparent to him by the exercise of reasonable care and diligence on his part? If there was not, there was no negligence in exposing him to it; if there was, then the duty devolved upon the employer to give him the necessary information and warning.

The application of this rule and test to the peculiar facts and circumstances of each case determines liability or non liability, not the mere fact that the dangerous feature complained of is a set screw. Each case must be decided on its own merits. In *Podvin* v. *Manufacturing Company,* the facts clearly showed want of liability and the court so held. The set screws were a part of the machine which the plaintiff herself operated. They were open and exposed to observation and plainly visible to anyone making the most cursory examination. They were not in any obscurity, being well lighted from a window a few feet away. The plaintiff was an experienced woman fifty-nine years of age and had operated this same machine with the set screws unchanged for a period of fifteen years. She had seen it in motion and at rest. It was her

duty to clean around the gears and wheels and set screws as often as twice a week and oftener if necessity required it. She was entirely familiar with the machine in every part, and the court held that under this state of facts she had assumed the risk and could not recover when, as she was reaching down one day to pick up a fallen bobbin from the floor, her hair became entangled in the set screws.

In the case at bar the facts are quite different, and the jury could well find that a dangerous feature existed here which was not visible to an observing operative, one that was not made known to him, and one which the employer should have known and in fact did know. That dangerous feature was the collar seven or eight inches in diameter placed midway of a long shaft with a set screw projecting three-fourths of an inch therefrom. The collar had been attached ten years before for the purpose of running a machine, had served its purpose for two or three years and then had been abandoned. But the defendant had never removed it, and it had been allowed to remain in disuse for nearly eight years. It was near the top of a room that was dimly lighted and the set screw was invisible when the mill was in operation and the shaft revolving at its normal speed of one hundred and forty revolutions a minute.

The plaintiff, Kolasen, was a foreigner, twenty years of age, who had been in this country a little over four years. He was unacquainted with machines or machinery. His work for the most part had been that of a common laborer. He had never worked upon or in connection with any machine except upon a barker in the wood room for a period of four months. He had been a member of the painting crew a little more than a year, ten months of that period engaged in outside work and a little more than two months in the various rooms of the mill. He had been painting in this screen room about two weeks, but in the dimly lighted portion known as the alcove only a portion of a day. To quote the former opinion, p. 402, "The plaintiff had no knowledge of the fact that the set screw was protruding from the collar, and when the shaft was revolving rapidly as it was before he reached the scene of the accident, he could not discern its presence, especially in the dimly lighted alcove. In performing some portion of his work while in

close proximity to the revolving shaft his clothing was caught in the set screw and he was thrown violently around the shaft, receiving severe injuries.  He says he received no warning as to the danger he might encounter in the place where he was to work, had no knowledge of it and could not discover it by the use of ordinary care under the conditions as they then and there existed."

Taking all these undisputed facts into consideration the jury evidently found that the defendant did not exercise that full measure of care devolving upon it, and also that the plaintiff was himself in the exercise of due care and had not assumed a risk of which he had, and could be held by the exercise of due diligence to have, no knowledge.  We are unable to say that these conclusions are wrong.

The question of excessive verdict is not discussed by the defendant, and therefore needs no extended consideration.  The injuries were lamentable.  Both arms and both legs were broken, and there were injuries to the back and one eye.  The plaintiff has been subjected to many operations, is wholly incapacitated from labor and is now a physical wreck.

The amount is large, but we do not feel warranted in disturbing it.  The entry will be,

*Motion overruled.*
*Judgment on the verdict.*