LEROY DICKEY *vs.* MARGARET G. ALLEN.

Middlesex. October 8, 1931. — December 2, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Agency*, Existence of relation. *Contract*, Performance and breach, For the sale of real estate.

At the hearing by a judge without a jury of an action of contract against the owner of real estate for the recovery of a deposit made by the plaintiff under an agreement to purchase the real estate, there was evidence that the plaintiff signed the agreement, which was brought to him by a real estate broker and which contained a recital that for a conveyance of the real estate the plaintiff was to pay a sum of money "of which Two Hundred (200) dollars have been paid this day," and a provision that if the defendant "shall be unable to give title or make conveyance as . . . stipulated, any payments made under this agreement shall be refunded"; that at the same time the plaintiff gave the broker a check for $200 payable to the broker's order; that the broker then took the

agreement to the defendant, who signed it; and that the broker at that time told the defendant that he had a check for $200, but did not show it to him. *Held*, that

(1) Without further evidence of the relations of the broker to the defendant, a finding was warranted that he received the money from the plaintiff as the defendant's agent;

(2) If such a finding was made, it was immaterial for the purposes of the action whether he ever paid it to the defendant.

CONTRACT. Writ dated May 27, 1930.

In the Superior Court, the action was heard by *Qua*, J., without a jury. Material evidence and findings by the judge are stated in the opinion. He found for the plaintiff in the sum of $208.87. The defendant alleged exceptions.

*M. B. Lynch*, for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

FIELD, J. This action of contract to recover damages for breach of an agreement in writing for the sale of real estate and to recover a deposit of $200 made thereunder was tried in the Superior Court by a judge without jury, who found for the plaintiff.

The agreement, signed by the plaintiff and the defendant, recited that for a conveyance of the real estate in question the plaintiff was to pay a sum of money "of which Two Hundred (200) dollars have been paid this day," and provided that if the defendant "shall be unable to give title or make conveyance as . . . stipulated, any payments made under this agreement shall be refunded." The trial judge found "that the defendant was unable to give title and make a conveyance as stipulated in the agreement," and ruled that the plaintiff could not recover for the defendant's failure to convey the property. His finding in regard to the deposit, however, was as follows: "In view of the recital in the agreement signed by the defendant that this sum had been paid to her and other evidence in the case, I find that Wilder received this deposit as the agent of the defendant, and that the plaintiff is entitled to recover said sum of $200 with interest thereon from March 8, 1930."

The case is before us on the defendant's exception to the refusal of the trial judge to rule as requested that on all the evidence the plaintiff could not recover, the contention of

the defendant being that the evidence did not warrant a finding that $200 was received by her. There was evidence that the plaintiff, on March 8, 1930, signed the agreement sued upon, which was brought to him by one Wilder, a real estate broker, that the plaintiff returned the agreement to Wilder with a check for $200 to his order, that Wilder took the agreement to the defendant, who signed it, and that Wilder at that time told the defendant that he had a check for $200, but did not show it to her. This evidence with the recital in the agreement, signed by the defendant, of receipt by her of $200 was sufficient to support a. finding that she, by her agent, Wilder, received this sum of money from the plaintiff. Though the recital was not necessarily conclusive, it was evidentiary of the fact recited. *Ansin* v. *Mutual Life Ins. Co. of New York*, 241 Mass. 107, 111. Further evidence that Wilder was the agent of the defendant was not essential. If, as the trial judge found, and was warranted in finding, Wilder, as agent of the defendant, received the money from the plaintiff, it is immaterial for the purposes of this case whether he ever paid it to the defendant.

*Exceptions overruled.*