MRS. ELLA DAVIS *vs*. LESTER F. BAKER.

Cumberland.    Opinion, October 28, 1942.

*Udell Bramson,* for the plaintiff.

*Robinson & Richardson* and *John D. Leddy,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

STURGIS, C. J.   Action of negligence to recover compensation for personal injuries and property damage. In the trial court at the close of the evidence, on motion, the jury were instructed to return a verdict for the defendant. An exception to this ruling brings the case forward for review.

In the afternoon of October 7, 1939, the plaintiff, while riding along Baxter Boulevard in Portland, without warning turned her automobile to the left and attempted to drive it across and into an intersecting road. At this time the defendant's automobile was approaching from the opposite direction undoubtedly in plain view, traveling at a reasonable rate of speed on its own side of the road and so close at hand as to make a collision inevitable. Although the plaintiff had an unobstructed view ahead, she did not see the defendant's approaching car until it collided with the one in which she was riding and the damages to her person and property sued for resulted.

The driver of an automobile intending to cross a street or highway in front of another car approaching from the opposite direction is charged with the duty of so watching and timing the movements of the other car as to reasonably insure himself of a safe passage either in front or to the rear of such car and even to the point of stopping and waiting if necessary. A failure to comply with this rule spells negligence. *Fernald* v. *French,* 121 Me., 4, 115 A., 420; *Reid et al.* v. *Walton et als.,* 132 Me., 212, 168 A., 876; *Erswell* v. *Harmon,* 139 Me., 47, 27 A. (2d), 107. It is equally well settled that in order to charge the driver

coming from the opposite direction with negligence in pursuing his course in such a situation, it is the duty of the operator of the car making the crossing to make known his intention to cross. Unless and until the car coming on its own right of way has such notice, its driver cannot be charged with negligence because of his failure to cease his advance. *Fernald* v. *French,* supra. The application of these rules is not avoided by the failure of the driver making the crossing to see the car approaching from the opposite direction if its presence and approach are obvious. An automobile driver is bound to use his eyes to see seasonably that which is open and apparent and govern himself suitably. He is charged with seeing that which in the exercise of reasonable care ought to have been seen. *Callahan* v. *Bridges,* 128 Me., 346, 147 A., 423.

It clearly appearing upon this record that the negligence of the plaintiff was the proximate cause of the collision upon which she bases this action, it was the duty of the Justice presiding in the trial court to direct a verdict for the defendant. The exception reserved is without merit.

*Exception overruled.*