ADELARD DULAC
*vs.*
JEANE J. BILODEAU

Androscoggin.   Opinion, August 29, 1955.

*Berman & Berman,* for plaintiff.
*John A. Platz,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, JJ. THAXTER, A. R. J. TAPLEY, J., did not sit.

WILLIAMSON, J. This is an action in assumpsit for money had and received by a prospective purchaser against a part owner to recover an "initial payment" made to a real estate agency. The case is before us on exceptions (1) to the refusal to direct a verdict for the defendant, and (2) to a portion of the charge. Other exceptions were abandoned.

### FIRST EXCEPTION

Under the familiar rule, in testing the denial of a directed verdict we take the evidence in the light most favorable to the successful party, here the plaintiff. *Jordan* v. *Portland Coach Company*, 150 Me. 149, 107 A. (2nd) 416 (1954); *Greene, Admr.* v. *Willey*, 147 Me. 227, 86 A. (2nd) 82 (1952).

The parties executed the following written agreement:

"THE LAMARRE AGENCY
54 PARK STREET
LEWISTON, MAINE
DIAL 3-1210                    DATE June 13, 1953

I HEREWITH OFFER TO PURCHASE PROPERTY AT 125 Pierce St. Lewiston, Maine (Malo-Property) FOR TEN THOUSAND * * * *00/100 DOLLARS ($10,000.00) SUBJECT TO ACCEPTANCE BY OWNER. TERMS: $500.00 INITIAL PAYMENT HEREWITH MADE TO THE LAMARRE AGENCY. BALANCE AS FOLLOWS: Cash at time of sale

PAYMENT TO BE RETURNED IF OFFER IS NOT ACCEPTED WITHIN 90 DAYS FROM ABOVE DATE

/s/ ADELARD DULAC       This agreement void if all co-
        PURCHASER       owners do not execute deed
                        within 90 days or if deed free
                        of encumbrances cannot be exe-
                        cuted. No liability upon Jean
                        Bilodeau individually of any
                        kind.

THE ABOVE OFFER IS ACCEPTED . . . . . . . . . . . . .
                                        OWNER
DATE OF ACCEPTANCE      /s/ JEAN BILODEAU
                              June . . . . 5-53
COPY OF AGREEMENT           (PURCHASER A.D.
RECEIVED                    (OWNER        J.B."
        (Printed words are here capitalized.)
On the reverse side "Seller to pay The Lamarre Agency
a commission of 5% of the sale price.

        /s/   JEANE BILODEAU"

and also an extension of "the within contract . . . to November 23, 1953 . ." signed by the parties, as purchaser and seller.

The agreement ended upon the failure of the defendant to deliver the required deed within the extended period. Upon the refusal of the defendant to repay the "initial payment," which in fact she had never received, the plaintiff brought suit.

The defendant, a part owner of the "Malo Property," listed the property for sale with the Lamarre Agency, duly licensed real estate agents. The plaintiff approached the Agency and after he was shown the Malo Property, executed the above offer prepared by the Agency, and made the initial $500 payment.

The plaintiff's offer and check for $500 were shown by a representative of the Agency to the defendant. After the addition of the "This agreement void . . ." and "No liability . . ." sentences by defendant's attorney, the agreement, including the provision for a commission, was signed by the defendant. Later the agreement was extended by the parties.

Without question, the plaintiff in equity and good conscience is entitled to the return of the $500 payment on the purchase price from either the real estate agency or the defendant, or it may be from both.

The defendant contends that she insulated herself from any responsibility by the express "no liability" terms of the agreement. She would place the liability upon the Agency. On the other hand, the plaintiff asserts that the payment was held by the real estate agency as agent for the defendant, and hence the defendant is under liability as a principal.

The decisive issue is whether the evidence permitted a finding by the jury that the real estate agency held the $500 payment as defendant's agent. If so, whatever may have been the details of their relationship, the defendant would be liable in this action. That is to say, if equity and good conscience require that the agent return the payment, then also they require like action by the principal.

The defendant places great weight on the statement in the agreement, "No liability upon Jean Bilodeau individually of any kind." The defendant was thereby relieved of liability for failure to deliver a conveyance of the property. The plaintiff makes no claim otherwise. Whatever the rights of the defendant to insist upon a completion of the purchase by the plaintiff, or of the plaintiff to insist upon a conveyance from the defendant, we are left with the fact that the sale was not completed. As we have seen, the plaintiff became entitled to the return of the $500 payment from some source.

There is nothing in the record to show that at the time of payment there then existed an express or implied authority in the real estate agency to receive payments on behalf of the defendant. The defendant, however, with the approval of the plaintiff, accepted the offer on the terms indicated with full knowledge of the initial payment on the purchase price. With such acceptance, the receipt and retention of the $500 as a part of the purchase price was ratified and approved by the defendant. The jury was warranted in finding that the agency of the Lamarre Agency

was thereby made complete. *Pease* v. *Shapiro,* 144 Me. 195, 67 A. (2nd) 17 (1949). See also *Dickey* v. *Allen,* 277 Mass. 344, 178 N. E. 544 (1931) ; *Boles* v. *Johnson,* 205 Okla. 356, 237 P. (2nd) 620 (1951) ; *Lynn* v. *Northern Federal Sav. & L. Asso.,* 235 Minn. 484, 51 N. W. (2nd) 588, Annot., 30 A. L. R. (2nd) 799 (1952). The first exception is overruled.

### SECOND EXCEPTION

The defendant contends that the court erred in expressing an opinion on an issue of fact in the course of the charge. The instruction complained of reads:

> "However, this action does not involve any action for breach of contract involving conveyance nor does it involve any matters that might be in dispute between the principal and the broker, her agent."

We have examined the entire charge and are satisfied that the court presented the issues in the case to the jury plainly and with care. The following extracts illustrate the completeness of the instructions:

> "You will bear in mind that if you have found the Lamarre Agency, Mr. Pelletier to be—that is, his actions to have been ratified and he to be the agent of the Defendant, and that his actions in accepting the money were her actions, then she in fact actually received the money as a matter of law."

> \* \* \* \* \* \* \* \* \*

> "If you find upon all of the evidence a valid agency existing under which the agent, the Lamarre Agency, Mr. Pelletier, was authorized expressly or by ratification of his conduct in accepting the money by the Defendant with full knowledge of all the facts, then the act of accepting the money becomes the act of the defendant, Mrs. Bilodeau, and she in fact does, in law, have possession of the money, — that is, if you have found a valid ratification."

"The correctness of a charge is not to be determined from isolated statements, but, rather, from the charge as a whole." *State* v. *Barnett,* 150 Me. 473, 476, 114 A. (2nd) 245 (1955). From an examination of the entire charge it does not appear there was error in the instruction given by the court, or that the defendant was aggrieved thereby. *Nielson* v. *Textbook Company,* 106 Me. 104, 75 A. 330 (1909); *Donnelly* v. *Granite Co.,* 90 Me. 110, 37 A. 874 (1897).

The presiding justice did not violate the statute, which reads in part that he, ". . . shall not, during the trial, including the charge, express an opinion upon issues of fact arising in the case, and such expression of opinion is sufficient cause for a new trial if either party aggrieved thereby and interested desires it; . . ." (R. S., Chap. 113, Sec. 104.)

The entry will be

*Exceptions overruled.*