DONALD O. NEAL AND ALICE N. NEAL

*vs.*

RUSSELL BOWES

Cumberland.   Opinion, April 4, 1963.

*Peter Kyros,* for Plaintiffs.

*Lawrence P. Mahoney,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

SULLIVAN, J. Defendant was operating a motor vehicle which struck and injured the plaintiff, Donald O. Neal, who instituted this action for compensation. There was a trial by jury and a verdict for the defendant. Plaintiff appeals.

Plaintiff asserts that the justice below erred:

1. In refusing to grant plaintiff's motion for a new trial;

2. In instructing the jury as follows:

   (a) That in order to find for the Plaintiff the Defendant's negligence must have been the sole proximate cause of the accident;

   (b) That it was the duty of the Plaintiff as a pedestrian to look and see what there was to be seen.

Plaintiff protests that the jury instructions were misleading, contrary to the evidence and constituted in their effect a directed verdict for the Defendant.

Plaintiff avers that it was prejudicial error for the justice to have refused the following instruction requested by the plaintiff:

"You are instructed that if a highway is icy and slippery by reason of snow and the condition of the highway is such that driving a vehicle at a certain speed is likely to cause such vehicle to skid upon the application of its brakes and crash into cars or pedestrians, or a person having alighted from his car, that such a rate of speed would be unlawful."

The record must, of course, disclose that such a request was in fact addressed to the presiding justice.

The case at bar is concerned with an incident or occurrence on December 20, 1961. There is credible testimony

in the evidentiary record substantiating and confirming the following particularized account of what transpired.

Plaintiff after dark parked his unlighted 4 door sedan beside his residence and on the public street. Burke, a neighbor, stationed his car "cater-corner" and close by on the opposite side of the street. Parking space available to both men was unlimited on both sides of the way. Snow had fallen that day and had been plowed. There were high snow banks. The street was lighted. Between the 2 parked vehicles there was sufficient clearance for the passage of only one automobile because of the snow bankings. 400 feet away the defendant turned the street corner and drove onto the street. The way was straight and unobstructed in both directions. Defendant's car was 22 feet in length, its lights were illuminated and the brakes were adequate. Upon entrance to the street defendant had noticed the 2 parked automobiles. His speed was 15 to 20 miles per hour. From the corner and for some of the distance along the street defendant found the street surface slushy with a covering of soft but not slippery snow. The street surface between the 2 stationary cars was extremely icy or hard-packed in contrast to the surface back, towards the corner. In fact so slippery was that area between the parked cars that the defendant later fell down while merely standing there upright and motionless. When defendant had progressed within 3 or 4 car lengths of the plaintiff's car or within 80 feet, the plaintiff got out of the left front door of his vehicle. Defendant jammed on his brakes. Plaintiff opened wide his rear left door, leaned and reached in, to gather up some groceries. The doors of plaintiff's car measured 30 inches in width. Defendant's front skidded to his left on the slippery surface, his rear swerved to the right. Then his rear skidded to his left and his front to his right. Defendant's right front fender struck the left rear of the Burke car. Defendant's left rear scraped the plaintiff's car and inferentially

knocked the plaintiff to the ground. When defendant's car came to a halt his left tail pipe was against or near plaintiff's car. His right front fender was touching the rear left fender of the Burke car and defendant's car completely blocked all traffic in both directions. The plaintiff received painful injuries. Immediately after the collisions plaintiff lay to the right of the defendant's car and defendant could not pass around the car to the plaintiff. Defendant adjudged it to be doubtful that there was sufficient room for him to operate his car between the 2 parked automobiles after plaintiff had opened his car door —even had defendant not skidded. It was during defendant's skidding that plaintiff was opening his rear door. Defendant did not sound his horn. Plaintiff had never noticed the defendant until the latter was some 3 car lengths away. References of witnesses to a court chalk, now unavailable, for the purpose of positioning relatively the Burke car and plaintiff's car are understandably thwarting.

Objective attention to this testimony reviewed cannot fail to verify that a defense verdict attributable to it and predicated upon it can not be effectively assailed because of any demonstrable bias, prejudice or mistake. *Shannon* v. *Dow,* 133 Me. 235, 240.

If accredited by the jury as trustworthy and authentic there was evidence to supply classical properties for a finding of contributory negligence. The denial of plaintiff's motion for a new trial was proper.

The record in the instant case recites affirmatively that, at the conclusion of the trial justice's charge to the jury, he asked:

"Are there any requests or instructions?"

Each counsel replied:

"No, Your Honor."

R. S., c. 106, § 14 as amended by P. L., 1959, c. 317, § 76, provides in pertinent part:

"For all purposes for which an exception has heretofore been necessary in civil cases, it is sufficient that a party, at the time the order or ruling of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor. If a party has no opportunity to object to a ruling or order, the absence of an objection does not thereafter prejudice him. - - - - - "

See, also, Rule 46, Maine Rules of Civil Procedure, 155 Me. 545.

"It is to be noted that although formal exceptions are unnecessary, a party must still make known at the time of the ruling the actions he wants or his objection to the action taken and the grounds therefor. - - -

" - - - All appellate review is by appeal, and any claimed error to which adequate objection was made is open to the aggrieved party on appeal." Maine Civil Practice, Field and McKusick, P. 392.

The record nowhere discloses that plaintiff's counsel requested any instruction which was refused by the justice presiding or remonstrated against any instruction given.

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Op-

portunity shall be given to make the objection out of the hearing of the jury."
Rule 51 (b), M. R. C. P., 155 Me. 549.

"As already stated in connection with Rule 46, the magic word 'exception' is not necessary to have rights as to alleged errors in the charge. It is necessary, however, to make clear one's objections and the grounds for them before the jury retires. On appeal a party cannot rely upon an error not specifically called to the trial court's attention so as to give a fair opportunity to correct it."
Maine Civil Practice, Field and McKusick, P. 418.

This court has the obligation to require an observance of its promulgated rules. A full and fair opportunity for trial must be available to every litigant. But the delays, expense and harassment occasioned by inattention to procedural rules which are indispensable to the attainment of circumspect and efficient justice must be precluded. Plaintiff's assigned grievances with respect to judicial instructions transmitted to the jury or refused are not before this court. Before jury retirement economy, efficacy, deference, propriety and justice all dictate that the trial court be extended a reflective opportunity to redress or dissipate any error or prejudice induced by instructions communicated or neglected.

A painstaking consideration of the record in this case and of plaintiff's motion has decided us that the plaintiff has failed to demonstrate prejudice or error of such sufficiently harmful gravity as to render permissible or appropriate an exercise of the exceptional remedy defined in *Pierce* v. *Rodliff,* 95 Me. 346, 348; *Johnson* v. *Parsons,* 153 Me. 103, 110. This court has quite comprehensively indicated and delimited the circumstances and occasions coercive or compelling enough to justify the sustaining of an appeal because of error of law in the denial of a motion for a new trial in those instances where jury instructions given or refused at the trial in the court below are the asserted

grievances and no objections to the controversial charge or refusal to instruct were indicated at the trial.

> "In the instant case no exceptions (objections) were taken (made known, etc.) to such claimed omissions. However, this Court has in certain cases reviewed questions of law both on a motion for a new trial and on appeal, even though exceptions (objections) were not taken (made known, etc.) - - - - -"

> "Such review, however, is not compatible with best practice, and although there be error in an instruction, when no exception is taken, (objection made known, etc.) a new trial either on appeal or motion should not be granted unless, as stated in the above cited cases, 'error in law - - - - - was highly prejudicial - - - - - and well calculated to result in injustice,' or 'injustice would otherwise inevitably result,' or 'the instruction was so plainly wrong and the point involved so vital - - - - - that the verdict must have been based upon a misconception of the law,' or 'When it is apparent from a review of all the record that a party has not had that impartial trial to which under the law he is entitled - - - - -' We consider the foregoing applicable as well to an omission as to an erroneous instruction where no exception is taken. We hold that the case at bar does not come within the exceptions to the general rule."

*State* v. *Smith,* 140 Me. 255, 285, 286.

The sentence last quoted above is applicable here.

The mandate must be:

*Appeal denied.*