ROBERT J. WELCH, SR.
*vs.*
MICHAEL JORDAN
and
ROBERT J. WELCH, JR.
*vs.*
MICHAEL JORDAN

Cumberland. Opinion, November 14, 1963.

*Grover G. Alexander*, for Plaintiff.

*Berman, Berman, Wernick and Flaherty*, by *Edward J. Berman.*
*Arthur Chapman, Jr.*, for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

MARDEN, J. On appeal from judgment entered upon jury considered verdicts for the defendant. These are companion cases involving personal injury to Robert J. Welch, Jr., and the father's claim for consequential damages.

Plaintiff, Robert J. Welch, Jr., referred to at trial as Robbie, a boy of five years two months of age and the defendant, Michael Jordan, a boy of six years seven months of age on August 10, 1961, the date of the incident, were playing together at the Jordan home in South Portland. In the course of play either a match was "struck" by the defendant or a small fire was built of grass and twigs on the dirt floor of a Jordan building destined to be a garage. While the children were there together plaintiff's shirt was ignited, resulting in the injury for which complaint is made. Plaintiff ascribed the cause of the ignition of his clothing to be the defendant's act of throwing away from himself a lighted match which had burned his finger. Defendant states that the shirt was ignited by plaintiff's leaning forward over the burning grass and twigs.

The eleven points of appeal are from three areas in the conduct of the trial.

Points No. 1 and No. 3 have to do with trial controversy over the admission of a statement alleged to have been made by the plaintiff while en route to the hospital declaring the cause of his burns. Objection was seasonably made and the statement was excluded. These points will be hereinafter identified as involving *res gestae*.

Points No. 2 and No. 4 to No. 10, inclusive, are aimed at trial controversies over testimony having to do with the plaintiff's previous conduct identified with the use of matches and the building of fires. Plaintiff contends that this testimony was irrelevant, immaterial and served only to prejudice the position of the plaintiff. Defendant counters that such inquiry was proper, and its admission was without error, as bearing upon the experience of the child plaintiff, as an element which necessarily must be considered in determining the standard of self care to which the child properly could be held.

Point No. 11 challenges a jury instruction involving the legal status of co-adventurers as to negligence between themselves.

## *RES GESTAE* (Points No. 1 and No. 3)

The record discloses that upon Robbie's shirt catching fire, he "ran out from underneath" the garage, that someone tried to tear the shirt off, without success, that Mrs. Jordan, defendant's mother, applied the sprinkler hose and called Mrs. Welch, Robbie's mother, by telephone, the Welch home being in the vicinity; that Mrs. Welch received the telephone call from Mrs. Jordan at 11:15 a.m., as a result of which she telephoned her husband at his office in Portland, then ran to a neighbor, Mrs. Hendry, "two houses" distant, to discover there was no one at home, then got into an

available automobile, drove to the Jordan home "up the street" and upon arrival met her son with evidence of body burns, found two Mrs. Jordans, mother and grandmother, in an hysterical condition, found smoke issuing from beneath the garage which mother Jordan "hosed down", placed plaintiff in the car, attempted to telephone a doctor (from the Jordan home) without success, returned to the car to meet a neighbor, who lived "across the street", and who offered medication, got into the car and returned to her home, sought Mrs. Hendry again, without success, moved the child from the car to her home and as she was about to go to another neighbor, Mr. Welch, her husband and father of the child, arrived. Thereafter Mrs. Welch got another neighbor "next door" to watch another younger child at home, and Mr. & Mrs. Welch, with Robbie started for the Maine Medical Center in Portland. Mother Jordan "thinks" that 10-15 minutes elapsed between her phone call to Mrs. Welch and Mrs. Welch's arrival at the Jordan home. It was during this journey to the Maine Medical Center, at which they arrived at 12:00 noon, that Robbie is alleged to have said, spontaneously, "Michael threw a match on me". The admissibility of this statement, which the jury was instructed to disregard, is in issue under the *res gestae* rule.

We had occasion to last consider this rule in *Hersum, Admr.* v. *Kennebec Water District,* 151 Me. 256, 270, 117 A. (2nd) 334, where it was said:

> "The true test of the admissibility of such testimony is, that the act, declaration or exclamation must be so intimately interwoven with the principal fact or event which it characterizes, as to be regarded a part of the transaction itself, and also to clearly negative any premeditation or purpose to manufacture testimony."

In *Hersum* also was quoted 20 Am. Jur., Evidence § 662 wherein it is pointed out that the *res gestae* exception to

the hearsay rule comprehends a startling or unusual situation sufficient to produce a spontaneous and instinctive reaction and statements made under such circumstances as to show lack of forethought or deliberate design in the formulation of their content.

While spontaneity of remark is an important element of *res gestae*, that element alone does not govern the admissibility of the statement. Such statement may be in narrative form and in answer to a question (as was true in the *Hersum* case) if it meets other requirements of admissibility. 20 Am. Jur., *supra* § 668. The present case meets the element of spontaneity. The controversial aspect of this point is whether the time of utterance of the statement was such that the statement could be held so "intimately interwoven with the principal fact * * * as to be regarded a part of the transaction itself." The clock time of the utterance is not fixed except as it was determined to be subsequent to the series of events narrated above and twelve noon.

˙ Whether upon the facts before the trial court the statement was admissible as part of the *res gestae* was a matter within the sound discretion of the presiding justice, the determination of which is conclusive upon appeal in the absence of a clear abuse of that discretion. *Callahan* v. *Chicago, R. & Q. R. Co.*, 133 P. 687, 689 (Col. 2) (Mont. 1913) ; *Cummings* v. *Illinois Cent. R. Co.*, 269 S.W. (2nd) 111, 117 [9-11] (Mo. 1954) ; *Potter* v. *Baker* 124 N.E. (2nd) 140, 147 [7] (Ohio 1955) ; 20 Am. Jur., *supra* § 663. See also Annot. 53 A.L.R. (2nd) 1245, 1260, § 5. The lapse of time between the injury and the proffered statement is a factor to be considered, Annot., *supra* 1265 § 7, and we are reminded that in *Barnes* v. *Rumford* 96 Me. 315, 323, 52 A. 844 it was held that a statement "three or four minutes after the accident happened" was not admissible under the *res gestae* rule for proof of the facts stated.

The court's discretion in the exclusion of this statement was not abused, and points of appeal No. 1 and No. 3 are not sustained.

PREVIOUS CONDUCT (Points No. 2, No. 4-10, inclusive).

Eight points of appeal have to do with testimony dealing with plaintiff's conduct, and seeming propensity, as to play with matches and the kindling of at least one fire. The exploration of this feature by the defendant upon cross-examination, over objection, developed contention by plaintiff that such testimony was irrelevant, that it opened immaterial collateral issues and was highly prejudicial. Defendant urged that such evidence was proper and the presiding justice admitted it, ruling that the background, experience and intelligence of the child were elements relevant to a determination of the standard of self care by which the plaintiff should be measured.

A determination of whether or not this evidence was "collateral" will dispose of eight points of appeal attacking cross-examination of Welch, Sr., Mrs. Welch, Robbie, the defendant, and defendant's mother, as to previous experience with matches and fires; testimony of a neighbor, Mrs. Pieffer, to show alleged inconsistency in Mrs. Welch's testimony in that regard, and the exclusion of Mrs. Welch's testimony as to what she had said to Robbie in what was characterized as a lecture coincidental to discipline of Robbie for the building of one previous fire.

A representative case on the materiality of evidence offered to establish the capacity of a child to exercise due care is *Chickering* v. *Power Company,* 118 Me. 414, 419, 108 A. 460 wherein it is said that "(t)he age and intelligence of a child are important factors in determining whether due care has been used. * * * The capacity, the intelligence, the knowledge, the experience and discretion of the individual

child are always evidentiary circumstances." Evidence of the child's previous conduct as to his experience with matches and fires was relevant to aid the jury in determining his capacity to appreciate the potential of a match and the existence of risk in playing with fire. See 38 Am. Jur., Negligence §§ 204, 205. This evidence, not being of collateral nature, and being material, was admissible. *Chickering, supra,*—and a statement at trial by plaintiff's witness allegedly inconsistent with a pre-trial declaration was properly a subject of rebuttal. 58 Am. Jur., Witnesses § 767, *Kolasen* v. *The Great Northern Paper Company*, 115 Me. 367, 369, 98 A. 1029, *State* v. *Hume*, 146 Me. 129, 141, 78 A. (2nd) 496. Point of appeal No. 2 bearing upon the same point and supporting objection to similar cross-examination of Welch, Sr., raises no issue, for all of Mr. Welch's replies were negative. Points of appeal No. 7 and No. 8 are aimed at similar cross-examination of the defendant and his mother, but no objection was recorded to such interrogation and no issues are raised. These conclusions dispose of points of appeal No. 2, No. 4, No. 6, No. 7, No. 8, and No. 10.

> "Competent and material evidence should not be excluded merely because it may have a tendency to cause an influence beyond the strict limits for which it is admissible." *State* v. *Albee,* 152 Me. 425, 429, 132 A. (2nd) 559.

Mrs. Welch had testified that, following the building of a fire in the Welch garage, she had spanked him, "gave him a very good lecture" and made him stay in his yard. What was said in the lecture was excluded upon objection and gives rise to point of appeal No. 5. If the knowledge, experience and discretion of the child were relevant, and it was, the mother's advice, instruction, and warning was appropriate for jury information, but it may be inferred properly that the words used were consistent with the accompanying physical discipline from which the child must

have understood that building fires was wrong, and the failure of the jury to receive the words of the lecture is not regarded as sufficient error in this case to warrant rehearing.

Point of appeal No. 9 stems from the testimony of a neighbor who related, over objection, that in December of 1959,—when plaintiff was three years and six months old,—based upon his age as of August 10, 1961, upon a visit to the Welch home at 11:00 in the morning she found Mrs. Welch in bed and Robbie holding some kitchen matches. Our court in *Grant, Admx.* v. *Bangor Railway & Electric Company,* 109 Me. 133, 138, 83 A. 121 held, by adopting *Cotter* v. *R. R. Co.,* 180 Mass. 145, that a child of three years and ten months of age was incapable of exercising self care as a matter of law,—a status identified as "non sui juris" in *Woods* v. *U. S.,* 197 F. Supp. 841, 843 (D. C. N. Y. 1961). It is anomalous to charge the experience of this child with an act which, if proved, occurred when the child was, as a matter of law, incapable of appreciating its significance. This testimony was irrelevant but because of similar evidence to the same point offered and admitted legitimately, we cannot hold that this portion of the testimony was prejudicial.

## CO-ADVENTURERS, NEGLIGENCE INTER SE (Point No. 11)

Seasonably before charge to the jury, defendant requested the following instruction:

> "If the jury finds that these children were both actively participating in making a bonfire and both were equally conscious of the dangers incident thereto, then they were engaged in a common enterprise and as such whatever negligence, if any, existed on the part of the defendant would be likewise, negligence on the part of the plaintiff, Robert Welch, Jr. and neither the infant plaintiff,

> or his father, can recover. This is an application of the rule of contributory negligence."

The court in discussing the principles of contributory negligence with the jury gave this instruction:

> "As a further elaboration of this rule of contributory negligence, if you find that these children were both actively participating in making a bonfire and both were equally conscious of the danger incident thereto, they would thus be engaged in an enterprise by mutual agreement and as such, whatever negligence, if any, existed on the part of the defendant would likewise be negligence on the part of the plaintiff. It would be a common act, and neither could recover against the other."

At the close of the charge to the jury, opportunity was offered to counsel to register objections to the charge. No objection was entered by the plaintiff.

Point No. 11 of the appeal attacks this instruction.

Plaintiff urges that the instruction injects the doctrine of imputed negligence incident to a joint enterprise into this case erroneously. It is the law that " (t)he doctrine of joint enterprise whereby the negligence of one member of the enterprise is imputable to others, * * * does not apply in actions between members of the joint enterprise and does not, therefore, prevent one member of the enterprise from holding another liable for personal injuries inflicted by the latter's negligence in the prosecution of the enterprise." 38 Am. Jur., Negligence § 238. Also stated in Shearman and Redfield on Negligence Vol. IV, § 695, Restatement, Torts § 491 comment (a), 65 C. J. S., Negligence § 158, *Campbell* v. *Campbell,* 162 A. 379 (Vt. 1932), and *Smith* v. *Williams,* 178 P. (2nd) 710, 718 [7, 8] (Ore. 1947).

It is urged that the jury must have concluded that once a common enterprise or adventure between these children

was established, that because of the common enterprise, and not because of the applicability of the usual principles of contributory negligence, there could be no recovery. Such would not have been a valid conclusion, but the accuracy of the charge is not to be determined by the isolation of the last sentence of the instruction as given, but from the charge as a whole. *Dulac* v. *Bilodeau*, 151 Me. 164, 169, 116 A. (2nd) 605. From study of the entire charge, we do not find that the allegedly offending sentence, given without seasonable objection by plaintiff, has demonstrated "prejudice or error of such sufficiently harmful gravity as to render permissible or appropriate" the sustention of an appeal within the principles of *Thompson* v. *Franckus*, 150 Me. 196, 201, 107 A. (2nd) 485, *Johnson* v. *Parsons*, 153 Me. 103, 110, 135 A. (2nd) 273, and very recently reiterated in *Neal* v. *Bowes*, 159 Me. 162, 167, 189 A. (2nd) 566.

*Appeal denied.*