**G. Edris TURGEON**

**v.**

**LEWISTON URBAN RENEWAL AUTHORITY.**

Supreme Judicial Court of Maine.

March 7, 1968.

Berman, Berman & Berman, by Jack H. Simmons, Lewiston, for appellant.

Marshall, Raymond & Beliveau, by John G. Marshall, Lewiston, for appellee.

Before WILLIAMSON, C. J., and TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

WILLIAMSON, Chief Justice.

The defendant, Lewiston Urban Renewal Authority, acquired by eminent domain a business block on Lisbon Street in Lewiston owned by the plaintiff. The plaintiff, "who (could) not agree with said authority for the price of the real property", to use the words of the statute, brought the present complaint in the Superior Court for the assessment of damages by a jury. 30 M.R.S.A. § 4807. The jury found for the plaintiff in the amount of $60,000. The defendant appeals.

The sole issue for the jury was to determine the fair market value of the property at the time of the taking on August 1, 1966. In the points of appeal the defendant charges:

(1) that a lease of the property which had expired prior to the taking was erroneously admitted in evidence on the issue of value;

(2) that there were several errors in the instructions to the jury, which we will later discuss in detail;

(3) that the damages were excessive.

A point of appeal that there was error in allowing interest was abandoned by the defendant.

First: The lease to which the defendant objects covered the property for a twenty-year period ending July 1, 1966 at a rental of $6,000 per annum plus taxes and certain other expenses. Thus it appears that the lease terminated a month before the "official taking", to use the words stipulated by the parties.

The position of the defendant is that the lease was too remote in time and was not in existence when the property was taken. The defendant points out that conditions in 1946 could have been considerably different from conditions existing in 1966. We have not the slightest doubt that in the two decades there were changes which affected the property. It does not follow, however, that evidence of the agreed rental under the lease was not relevant in a search for the value of the property when taken by eminent domain.

The presiding Justice had the duty to determine, in the exercise of a sound discretion, the relevancy of the lease. We cannot say that the Justice abused the discretion so confided in him. The jury, in our view, could safely be trusted to give such evidence no more weight than that to which it was properly entitled. Geohegan v. Union Elevated Railroad Co., 266 Ill. 482, 107 N.E. 786.

Second: In the points of appeal the defendant quotes at length portions of the charge which it says were the basis of objections made before the retirement of the jury. The record in its entirety reads:

"THE COURT: The following exceptions to the Court's charge were taken by the defendant prior to the retirement of the jury.

"MR. MARSHALL: Defendant objects to that part of the Judge's charge that related to the impact of Urban Renewal Authority on values, if any, as of the date of taking. Defendant objects to that part of the charge relating to the jurors buying the property, and what they would have paid. Defendant objects to that part of the charge relating to plaintiff's counsel seeking only fair *compension*." (compensation)

No grounds for the objections were made at the trial, or indeed in the points of appeal. The plaintiff asserts that the defendant's objections to the instructions were waived by failure to state the grounds therefor. We agree.

The defendant failed to comply with the plain provision of Rule 51(b) M.R.C.P., which reads:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

Unity Telephone Co. v. Design Service Co. of New York (1962), 158 Me. 125, 132, 179 A.2d 804.

Professor Field in the reporter's note to Rule 51 states the principle with clarity.

"It is necessary, however, to make clear one's objections and the grounds for

them before the jury retires. On appeal a party cannot rely upon an error not specifically called to the trial court's attention so as to give a fair opportunity to correct it."

Field and McKusick, Maine Civil Practice, p. 418; also see § 51.3.

The defendant counters with the contention that relief should be given to prevent a palpably prejudicial error in spite of the lack of compliance with the Rule.

For statements of the principle see Thompson v. Franckus (1954), 150 Me. 196 at 201, 107 A.2d 485; Neal v. Bowes (1963), 159 Me. 162, 189 A.2d 566; and Maine Civil Practice, supra, § 51.2(7), which reads:

"Finally, the Law Court reserves the right in the interest of justice to reverse for plain error in instructions to which no objection was made. The Court has repeatedly warned the bar against laxity in this respect but has refused to allow the failure of the lawyer to do his duty to cause undue harm to his client. However, the relaxation of the rule requires a case of palpable prejudicial error."

■ We are satisfied that no error within the principles stated crept into the case, and that justice does not require relief from the plain requirement of the Rule.

■ *Third:* The values placed upon the property by real estate experts ranged from $30,000 to $71,500. The owner's valuation was $75,000. There was other evidence before the jury.

The brief and argument of the defendant do not reach beyond the objections to the charge which, as we have pointed out, are not before us. In its points of appeals, however, it alleged that the damage was excessive. For this reason we have commented on the evidence of value. We see no reason to disagree as a matter of law with the verdict of the jury.

The entry will be: Appeal denied.

WEBBER, J., did not sit.

DUFRESNE, J., sat at argument, but did not participate in decision.