### Hayden T. DAVIS
v.
### Phillp E. ALLEN.

Supreme Judicial Court of Maine.

July 24, 1969.

Theodore H. Kurtz, Portland, for plaintiff.

William B. Troubh, Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE and WEATHERBEE, JJ.

MARDEN, Justice.

On appeal. The issues arise from a jury verdict and judgment thereon for property damages in favor of plaintiff-bailor of automobile injured in collision with car operated by defendant.

The points of appeal, eight in number, raise questions of sufficiency of the evidence to:

(a) Justify denial of Motion for defense verdict at close of plaintiff's case (Point 3).

(b) Justify denial of Motion for defense verdict at the close of the entire evidence (Point 5).

(c) Support the verdict (Points 1, 2 and 4).

(d) Justify denial of Motion by defendant for a new trial or in the alternative, entry of Judgment N.O.V. (Point 8).

The Motion for Judgment N.O.V. or, alternatively, for a new trial is founded upon the grounds expressed in support of the Motion for a Directed Verdict, and now repeated in the Points of Appeal, with the following additional grounds not specifically incorporated in the Points of Appeal.

X. "The Court committed prejudicial error in dwelling on the instruction of mutual forebearance without giving sufficient instructions as to the duty of those making a left-hand turn.

Y. "The Court committed prejudicial error in using the terminology, 'smacking on to someone on that highway' in its instructions to the jury.

Z. "The Court committed prejudicial error in instructing the jury that the negligence of Stephanie Davis was not an issue."

(e) Claimed error in jury instructions (Points 6 and 7).

■ Point of appeal 3 was waived when defendant proceeded with the presentation of his evidence. Maine Civil Practice, Field and McKusick § 50.1.

■ Points of appeal 1, 2, 4, 5 and 8 test directly the sufficiency of the evidence. As to Point 5 (denial of motion for directed verdict) and Point 8 (denial of motion for new trial or judgment n. o. v. addressed to the sufficiency of the evidence) the evidence is to be measured by determining whether a contrary verdict could be permitted to stand, Cantillon v. Walker et al., 146 Me. 160, 161, 78 A.2d 782, or if any reasonable view of the evidence will allow recovery, Colvin v. Barrett, Admr., 151 Me. 344, 352, 118 A.2d 775. There is no indication that a new trial would yield other evidence.

The undisputed facts are as follows:

Plaintiff's car was being operated by his daughter—bailee (daughter) in a southerly direction on Main Street in South Portland at about 11:00 p. m. on the evening of June 22, 1967. The highway was "well lighted" but visibility was reduced by the presence of mist or fog. In the area of the collision the highway accommodates four lanes of traffic, two in each direction, and the center line is marked by double lines. Southerly of the point·of the collision Broadway intersects and crosses Main Street at an oblique angle, which intersection is controlled by traffic lights. The highway is straight and level for a distance of a quarter mile north of the intersection and straight but rising for about a half mile south of the intersection.

Northerly of the intersection and on the easterly side of Main Street was a Howdy's hamburger stand to which daughter was going and as the entrance to this place of business was approached, daughter, travelling at a rate of about 20 m. p. h., moved into the left of the south bound lanes and turned on the directional signals for a left turn. At this time the traffic light at the intersection to the south exhibited red against south bound traffic on Main Street and no cars were in sight on Main Street.

At about the same time defendant, travelling at a rate of about 20 m. p. h., entered Main Street from Broadway, turned northerly and proceeded in the right lane of the two north bound lanes. Daughter proceeded in her left turn and when about one-half of the car which she was operating was across the center line, the lights of defendant's car appeared. When daughter saw the approaching lights, she experienced momentary indecision as to stopping or continuing on her course. She continued, slowly. Defendant did not see the lights or directional signal on plaintiff's car or the vehicle itself until about 25 feet away. The cars collided near the easterly edge of the highway, defendant's car striking the right side of plaintiff's car.

The areas of fact which the jury had to resolve have to do with certain distances involved. Daughter testified on direct examination that she turned on her "blinker" (directional signal) to indicate a left turn when about 500 feet from Howdy's. In a statement given about a week after the accident, she stated that she had turned the signal on 40 to 60 feet from Howdy's and explained this on cross-examination by stating that she had turned the signal on, off, and on a second time.

Daughter estimated the distance from Howdy's to the traffic lights at the intersection of Main and Broadway as 80 to 85 feet. Another witness gave the distance as from 100 to 150 feet and the police officer testified that the distance was 400 feet approximately.

Daughter testified that she first saw defendant's car 80 to 85 feet away and in the

statement, above referred to, she gave the distance as about 40 feet.

Conclusions to be drawn from the evidence and its sufficiency to meet the standards established by the presiding Justice, presented a typical jury question. No error can be found in the conclusions reached. Points of Appeal 1, 2, 4, and 5 are without merit.

■ The points X, Y and Z, quoted above, which were raised in the Motion for Judgment N. O. V. or, alternatively, for a new trial reach us here derivatively upon the appeal from denial of that motion.

None of these points were reserved by objection at the close of the presiding Justice's charge and cannot be raised at this stage of the proceeding. Rule 51 (b) M.R.C.P., and Reporter's Notes; § 51.2 Maine Civil Practice, Turgeon v. Lewiston Urban Renewal Authority, Me., 239 A.2d 173, [2] 174.

By this waiver and the fact that the other elements of Point of Appeal 8 are exclusively within jury competence, Point 8 also fails.

■ Point of Appeal 7 alleged that "(t)he Court erred in its instruction in reference to the duties encumbent upon each of the drivers involved in the occurrence."

This point fails to identify the instructions claimed to be erroneous and defendant can take nothing by it. See *Turgeon, supra,* and Rule 51(b) M.R.C.P. No palpably prejudicial error within the rule of Thompson v. Franckus, 150 Me. 196, 203, 107 A.2d 485, is demonstrated.

■ The instructions requested of and denied by the presiding Justice and which are the basis of alleged error under Point of Appeal No. 6 are as follows:

(A) "You are instructed that a motorist intending to cross a street or highway in front of an approaching automobile is charged with duty of so watching and timing the movements of the other automobile, even to point of stopping and waiting if necessary, and failure to comply with this rule spells negligence." (Expressed in Davis v. Baker, 139 Me. 229, 230, 28 A.2d 740).

(B) "You are instructed that the duty of a driver to exercise due care does not require him to anticipate that persons not in his path of travel will suddenly place themselves there." (Expressed in Biruk v. Wilson, 50 N.J. 253, 234 A.2d 225 (N. J.1967)).

A third instruction (from Esponette v. Wiseman, 130 Me. 297, 301, 155 A. 650) which embodied the same rule expressed in requested instruction A, but which did not contain the phrase "and failure to comply with this rule spells negligence," was given. The presiding Justice had told the jury in substance that evidence on the conduct of daughter was submitted to them not to relate it to negligence on her part, which was not in issue, but to reveal the circumstances with which defendant was faced and by which his due care was to be measured. Daughter's negligence, if any, not being in issue, the refusal of the Court to label failure to comply with the "left turn" rule as negligence was not error.

■ Instruction B (from a New Jersey case) is found in paraphrase in our cases where it has been said that a person (exercising due care) is not bound to anticipate another's negligence. See e. g. Hoch v. Doughty, Me., 224 A.2d 54, 56. The instruction cannot be criticized as an abstract rule but "(a) party is not entitled to have a requested instruction given, even if it states the law correctly, unless it appears that it is supported by facts, that it is not misleading, that it is not already covered by the charge, and that the refusal to give would be prejudicial." Desmond, Pro Ami v. Wilson, 143 Me. 262, 268, 60 A.2d 782.

The facts do not support instruction B. The instruction is applicable to a situation where cars approach each other from op-

posite directions, each within the view of the other, and one without warning seeks to cross the path of the other. See Fernald v. French, 121 Me. 4, 115 A. 420. Here defendant does not testify that daughter suddenly placed the car under her control in his path of travel. When he first saw it, it was there. Plaintiff's evidence does not support a conclusion that his car suddenly and without warning was placed in the path of defendant. Point of Appeal No. 6 establishes no error.

Appeal denied.

TAPLEY, J., sat at argument but retired before the opinion was adopted.