Philip E. JOHNSON, Plaintiff,

v.

CHRYSLER CORPORATION,
et al., Defendants.

CIV. No. 99–84–P–C.

United States District Court,
D. Maine.

July 9, 1999.

Robert O. Newton, Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, ME, for Plaintiff.

Peter M. Durney, David M. McGough, Cornell & Gollub, Boston, ME, for Defendant.

## ORDER

CARTER, District Judge.

On March 22, 1999, Plaintiff, Philip E. Johnson, filed a five-count Complaint against Defendants, Chrysler Corporation, Chrysler Motors Corporation, Daimlerchrysler Corporation, and Daimlerchrysler Motors Corporation (hereinafter "Chrysler"), on behalf of Mark Hoglund, Jr., a minor who allegedly suffered severe injuries when he was in an accident on May 28, 1994, involving a 1985 Dodge Minivan, allegedly marketed and designed by Chrysler. In his Complaint, Plaintiff contends that Chrysler is liable for his injuries under several theories including strict liability, negligence, misrepresentation, and implied warranty.

Chrysler filed an Answer to Plaintiff's Complaint and, in addition to denying the Complaint's allegations of liability, asserted twelve affirmative defenses, seven of which Plaintiff moves to strike pursuant to Federal Rule of Civil Procedure 12(f). In its first affirmative defense, Chrysler claims that the Complaint does not conform to Federal Rules of Civil Procedure 8(a)(2) and 8(e)(1). The third affirmative defense alleges that Chrysler is not liable because Plaintiff assumed the risk for all injuries complained of in the Complaint. The fifth affirmative defense is that Chrysler is not liable because the injuries were caused by the knowing, intentional, or negligent misuse of the product by a third party. Finally, in affirmative defenses nine through twelve, Chrysler contends that an award of punitive damages would violate Chrysler's due process rights if the damages are awarded without a finding that they are awardable by clear and convincing evidence, if the award is based on vague, undefined standards, and if it is not limited and awarded in a nonbifurcated trial.

 Plaintiff moves to strike the aforementioned affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). Under Federal Rule of Civil Procedure 12(f) the Court may, upon motion by a party "order stricken from any pleading any insufficient defense." Fed.R.Civ.P. 12(f). "Motions to strike, however, are disfavored, and they are rarely granted absent a showing of prejudice

to the moving party." *Nelson v. University of Maine System,* 914 F.Supp. 643, 646 (D.Me.1996) (citing Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure,* § 1381, 672 (1990)); *Coolidge v. Judith Gap Lumber Co.,* 808 F.Supp. 889, 893 (D.Me.1992); *In re All Maine Asbestos Litigation,* 575 F.Supp. 1375, 1377 (D.Me.1983). It is appropriate for the court to grant a Rule 12(f) motion to strike a defense only if the defense is legally insufficient and presents no question of law or fact that the court must resolve. *See Coolidge,* 808 F.Supp. at 893 (stating that the court may strike "only those defenses so legally insufficient that it is beyond cavil that the defendants could not prevail on them") (internal citation omitted); *In re All Maine Asbestos Litigation,* 575 F.Supp. at 1377.

First, the Court finds that the Complaint is in compliance with Federal Rules of Civil Procedure 8(a)(2) and 8(e)(1). The Federal Rules of Civil Procedure provide that "[a] pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." *See* Fed. R. Civ. P 8(a)(2). In addition, "[e]ach averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." *See* Fed.R.Civ.P. 8(e)(1). Plaintiff's Complaint sets forth a short and plain statement showing that the pleader is entitled to relief. Because there is no factual issue or issue of law to be resolved before the validity of this defense in the present context may be determined, the Court will strike Chrysler's first affirmative defense.

 Chrysler's third affirmative defense is that it is not liable for any injuries or harm caused to Plaintiff because Plaintiff voluntarily and knowingly assumed any risk of which he complains. It is clear that the doctrine of assumption of the risk was abolished as an available defense to claims of negligence in Maine when the state legislature adopted comparative negligence principles. *See* 14 M.R.S.A. § 156; *Wilson v. Gordon,* 354 A.2d 398, 401–03 (Me.1976). Accordingly, the doctrine of assumption of the risk is not applicable to Plaintiff's negligence claims. Howev-

er, it is equally clear under Maine law that the doctrine of assumption of the risk is an available legal defense to strict liability claims. *See Austin v. Raybestos–Manhattan, Inc.,* 471 A.2d 280, 286 (Me.1984). Because Plaintiff has alleged in his Complaint that Chrysler is strictly liable under Maine's strict liability statute, 14 M.R.S.A. § 221, and assumption of the risk is an available defense to such claims, the Court will not strike the affirmative defense pleading assumption of the risk.

■ For its fifth affirmative defense, Chrysler alleges that it is not liable because "the injuries and damages alleged, if any, were caused by a third party's intentional, knowing and/or negligent misuse of the product." Plaintiff contends that Chrysler's fifth affirmative defense is legally insufficient because Mark Hoglund, Jr. cannot be considered a contributing cause to his injuries under the law. It is undisputed that Mark Hoglund, Jr. was three-years old at the time of the incident that caused his injuries. *See* Complaint ¶ 24. Thus, it is true, as Plaintiff contends, that, under Maine law, he is *non sui juris*—incapable of exercising self-care as a matter of law. *See Welch v. Jordan,* 159 Me. 436, 194 A.2d 841, 844–45 (1963); *Martin v. Atherton,* 151 Me. 108, 116 A.2d 629, 631 (1955); *Farrell v. Hidish,* 132 Me. 57, 165 A. 903, 904 (1933); *Gravel v. LeBlanc,* 131 Me. 325, 162 A. 789, 790–92 (1932); *Morgan v. Aroostook Valley R.R. Co.,* 115 Me. 171, 98 A. 628, 629 (1916). In addition, in Maine the negligence of a parent cannot be imputed to a child. *See LaBier v. Pelletier,* 665 A.2d 1013, 1015 (Me.1995). Accordingly, the negligent or intentional conduct, if any, of Mark Hoglund, Jr. or his parents will not bar or diminish Mark Hoglund, Jr.'s recovery under principles of comparative negligence.

■ Notwithstanding the foregoing conclusion, Chrysler's fifth affirmative defense sufficiently states an intervening cause defense which is a legally sufficient defense to a negligence claim. Despite the fact that Mark Hoglund, Jr.'s actions and those of his parents may not support a defense under the law, Chrysler may present evidence that a third person, other than Mark Hoglund Jr. or his parents, negligently or intentionally

misused the Dodge Minivan. Chrysler may assert that the actions of this third party constitute a superseding intervening act which was the cause in fact of Mark Hoglund, Jr.'s injuries, thus insulating Chrysler from liability. *See Ames v. Dipietro–Kay Corp.,* 617 A.2d 559, 561 (Me.1992). Furthermore, Chrysler may be permitted under Maine law to institute a third-party claim against Mark Hoglund, Jr.'s parents for their role in causing their son's injuries. *See La-Bier,* 665 A.2d at 1015; *Black v. Solmitz,* 409 A.2d 634 (Me.1979). Because Chrysler's fifth affirmative defense sufficiently states an intervening cause defense and there may be a disputed factual issue in regard to the legal defense of intervening cause, it would be inappropriate for the Court to strike the fifth affirmative defense.

Finally, the Court will grant Plaintiff's motion to strike affirmative defenses nine through twelve. The statements made in these paragraphs are arguments that pertain to evidentiary questions and are not appropriately set forth in an answer as affirmative defenses. The Court will consider all evidentiary issues that relate to the issue of punitive damages at trial.

Accordingly, the Court ORDERS that Plaintiff's motion to strike be, and it hereby is, DENIED in part and GRANTED in part. Upon Plaintiff's motion, the Court strikes affirmative defenses one and nine through twelve and does not strike affirmative defenses three and five.